TRAINOR v HORACE MANN INSURANCE COMPANY

Docket No. 68268. Submitted January 10, 1984, at Detroit.—Decided July 24, 1984. Leave to appeal applied for.

Plaintiff, Kenneth Trainor, a minor, by his next friend Marilyn Trainor, brought an action against Horace Mann Insurance Company seeking a declaration that plaintiff was covered under the uninsured automobile provisions of an insurance policy issued to his father, William Trainor. Plaintiff was on the front lawn of his home and was injured when he was struck by an uninsured motorcycle which left the roadway. The Wayne Circuit Court, Charles S. Farmer, J., held that defendant was not liable for payment of benefits to plaintiff. Plaintiff appealed.
*Held:*

A motorcycle is not an "automobile" within either the ordinary or technical meanings of that term and thus does not come within the definition of "uninsured automobile" in the policy. The policy's exclusion of certain types of motor vehicles from the definition of "uninsured automobile" does not imply the inclusion of all other types of motor vehicles. Plaintiff's other arguments are without merit.

Affirmed.

INSURANCE — AUTOMOBILES — MOTORCYCLES — UNINSURED AUTOMO-
BILE.

A motorcycle is not an "automobile" within the ordinary or technical meanings of that term and should not be included within the definition of an "uninsured automobile" in an insurance policy which otherwise makes no mention of motorcycles; further, the fact that the policy excluded certain types of motor vehicles from the definition of an "uninsured automobile" does not imply that all other types of motor vehicles are to be included.

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 315, 323 *et seq.*
What constitutes an "automobile" for purposes of uninsured motorist provisions. 65 ALR3d 851.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Frank Mafrice),* for plaintiff.

*Sullivan, Ward & Bone, P.C.* (by *Michelle A. Thomas),* for defendant.

Before: WAHLS, P.J., and R. M. MAHER and C. W. SIMON,* JJ.

PER CURIAM. In this action, plaintiff sought a declaratory judgment as to whether defendant was liable to plaintiff for benefits under a policy of automobile insurance issued by defendant to plaintiff's father. After a nonjury trial on stipulated facts, the trial court concluded that defendant was not liable, and plaintiff appeals as of right.

The facts to which the parties stipulated included the following:

"1. That on March 20, 1979, plaintiff, Kenneth Trainor, a minor, was playing on the lawn near the roadway of his home located at 41515 Windmill Drive in the City of Mount Clemens.

"2. That on said date, minor plaintiff, Kenneth Trainor, was struck by a motorcycle being operated by David Joseph Forner, a minor, when said motorcycle left the roadway.

"3. That on said date, the aforementioned motorcycle was owned by Frank J. Forner.

"4. That on March 20, 1979, the aforementioned motorcycle was uninsured, and there were no insurance policies applicable to this incident providing coverage for either David Joseph Forner or Frank J. Forner.

"5. That minor plaintiff, Kenneth Trainor, sustained personal injuries as a result of being struck by said motorcycle.

"6. That on said date, minor plaintiff, Kenneth Trainor, was residing with his parents, William and Marilyn

* Circuit judge, sitting on the Court of Appeals by assignment.

Trainor, at 41515 Windmill Drive in the City of Mount Clemens.

"7. That on said date, William Trainor, was the holder of an automobile insurance policy issued by the defendant, Horace Mann Insurance Company.

"8. That said insurance policy under part 4, coverage J. provided for uninsured motorists benefits for which William Trainor paid a premium."

At issue are the following provisions of the insurance police:

"Coverage J—Uninsured Motorists (Damages for Bodily Injury): To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; * * *

\* \* \*

" 'Uninsured automobile' includes a trailer of any type and means:

"(a) an automobile or trailer with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or

"(b) a hit-and-run automobile;

"but the term 'uninsured automobile" shall not include:

"(1) an insured automobile or an automobile furnished for the regular use of the named insured or a relative,

"(2) an automobile or trailer owned or operated by self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law,

"(3) an automobile or trailer owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing,

"(4) a land motor vehicle or trailer if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle, or

"(5) a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads."

Because a motorcycle is not an "automobile" within either the ordinary or technical meanings of that term, the trial court did not err by concluding that defendant was not liable. Plaintiff's reliance on the provision excluding certain types of land motor vehicles from the definition of "uninsured automobile" is misplaced. The term "motor vehicle" in its ordinary and technical meanings is broader than, but includes, the meanings of the term "automobile". Logic will not support an inference that exclusion of certain types of motor vehicles from the definition of the term "uninsured automobile" implies the inclusion of all other types of motor vehicles within that definition.

Because this case turns on the construction given the term "automobile", not the term "motor vehicle", plaintiff's discussion of the conflicting definitions of the latter term in MCL 500.3101(2)(c); MSA 24.13101(2)(c) and MCL 257.33; MSA 9.1833 is irrelevant.

Also misplaced is plaintiff's reliance on *Taulelle v Allstate Ins Co,* 296 Minn 247; 207 NW2d 736 (1973). The policy at issue in that case, unlike the policy at issue here, contained a provision defining

"automobile" as "a land motor vehicle". The Minnesota court expressly recognized that the definition in the policy before it was not in accord with the generally accepted definitions of the term "automobile". 296 Minn 250; 207 NW2d 738.

Affirmed.