TRAINOR v HORACE MANN INSURANCE COMPANY

Docket No. 76711. Decided May 20, 1986. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals, vacated the judgment of the trial court, and remanded the case to the trial court for further proceedings.

Marilyn Trainor, as next friend of Kenneth Trainor, a minor, brought an action in the Wayne Circuit Court against the Horace Mann Insurance Company, seeking a declaration that the insurer was liable to pay uninsured motorist benefits under an automobile insurance policy for injuries received by Kenneth as a result of being struck by an uninsured motorcycle while playing in his front yard. The insurer had refused payment on the ground that the term "uninsured automobile" was insufficiently broad to include motorcycles. The court, Charles S. Farmer, J., entered a judgment of no cause of action. After filing an appeal of right in the Court of Appeals, the plaintiff discovered, and, during oral argument, raised for the first time, the existence of an endorsement to the policy providing that if the policy was written in Michigan "uninsured automobile" was changed to "uninsured motor vehicle." The Court of Appeals, WAHLS, P.J., and R. M. MAHER and SIMON, JJ., affirmed in an unpublished opinion per curiam, without mentioning the endorsement (Docket No. 68268). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of the endorsement. 422 Mich 852 (1985). On remand, the Court of Appeals, WAHLS, P.J., and R. M. MAHER and D. E. HOLBROOK, JR., JJ., ordered that its prior judgment be affirmed (Docket No. 83983). After remand, the plaintiff seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

Under the circumstances of the case, the plaintiff should be given the opportunity to have the issue of coverage resolved in light of the endorsement.

The endorsement, located at the bottom of a page of endorsements in small letters under the heading "Virginia Endorsement" justifiably could be overlooked. Because the defendant drafted the policy and the endorsement, it must have known the contents of the endorsement. While the defendant argued

that the policy was not broad enough to cover motorcycles, it made no mention of the endorsement.

Reversed and remanded.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Frank Mafrice*), for the plaintiff.

*Sullivan, Ward & Bone, P.C.* (by *Michelle A. Thomas*), for the defendant.

PER CURIAM. The underlying question in this case is whether the uninsured motorist section of an automobile insurance policy includes an uninsured motorcycle. The issue on appeal is whether the plaintiff is to be precluded from presenting for the first time language in an endorsement to the policy which states that if the policy is written in Michigan "uninsured automobile" means "uninsured motor vehicle."

I

Kenneth Trainor was struck by a motorcycle as the youth played in his front yard on March 20, 1979. Since there was no insurance on the motorcycle, the plaintiff sought benefits under an uninsured motorist provision of an insurance policy issued by the defendant on the automobile belonging to the Trainor family. When the defendant refused payment under the policy, the plaintiff filed a declaratory judgment action in Wayne Circuit Court on February 4, 1980. The trial court decided the matter on stipulated facts[1] and on the

[1] 1. That on March 20, 1979, plaintiff, Kenneth Trainor, a minor, was playing on the lawn near the roadway of his home located at 41515 Windmill Drive in the City of Mount Clemens.

2. That on said date, minor plaintiff, Kenneth Trainor, was struck by a motorcycle being operated by David Joseph Forner, a minor, when said motorcycle left the roadway.

language of the policy, particularly Part IV enti-
tled "Protection Against Uninsured Motorists."[2]

---

3. That on said date, the aforementioned motorcycle was
owned by Frank J. Forner.

4. That on March 20, 1979, the aforementioned motorcycle
was uninsured, and there were no insurance policies applicable
to this incident providing coverage for either David Joseph
Forner or Frank J. Forner.

5. That minor plaintiff, Kenneth Trainor, sustained personal
injuries as a result of being struck by said motorcycle.

6. That on said date, minor plaintiff, Kenneth Trainor, was
residing with his parents, William and Marilyn Trainor, at
41515 Windmill Drive in the City of Mount Clemens.

7. That on said date, William Trainor, was the holder of an
automobile insurance policy issued by the defendant, Horace
Mann Insurance Company.

8. That said insurance policy under part 4, coverage J.
provided for uninsured motorists benefits for which William
Trainor paid a premium.

[2] The pertinent language of the policy reads:

Coverage J—Uninsured Motorists (Damages for Bodily Injury):
To pay all sums which the insured or his legal representative
shall be legally entitled to recover as damages from the owner
or operator of an uninsured automobile because of bodily
injury, sickness or disease, including death resulting therefrom,
hereinafter called "bodily injury," sustained by the insured,
caused by accident and arising out of the ownership, mainte-
nance or use of such uninsured automobile;

\* \* \*

"Insured automobile" means:

(a) an automobile described in the policy for which a specific
premium charge indicates that coverage is afforded,

(b) a private passenger, farm or utility automobile, ownership
of which is acquired by the named insured during the policy
period, provided

(1) it replaces an insured automobile as defined in (a) above,
or

(2) the company insures under this Coverage all private
passenger, farm and utility automobiles owned by the named
insured on the date of such acquisition and the named insured
notifies the company during the policy period or within 30 days
after the date of such acquisition of his election to make the
Liability and Uninsured Motorist Coverages under this and no
other policy issued by the company applicable to such automo-
bile.

(c) a temporary substitute automobile for an insured automo-
bile as defined in (a) or (b) above, and

(d) a non-owned automobile while being operated by the

The plaintiff took the position that the policy, read as a whole, obliged defendant to pay the plaintiff benefits: The particular section involved is entitled "Uninsured Motorist," there is no specific exclusion of motorcycles, and there is policy language which expressly excludes other land motor vehicles, such as rail or crawler-type vehicles and farm equipment.

The defendant took the position that "uninsured automobile" was not broad enough to include motorcycles:

> I believe I indicated in the brief that if you met a hundred people on the street and asked whether they thought a motorcycle was a motor vehicle you might get a fair split as to whether they thought it was or not; but if you went out and asked a hundred people whether they thought a motorcycle was an automobile, I suggest to the Court that

named insured; and the term "insured automobile" includes a trailer while being used with an automobile described in (a), (b), (c) or (d) above, but shall not include:

(1) any automobile or trailer owned by a resident of the same household as the named insured,

(2) any automobile while used as a public or livery conveyance, or

(3) any automobile while being used without the permission of the owner.

\* \* \*

[T]he term "uninsured automobile" shall not include:

(1) an insured automobile or an automobile furnished for the regular use of the named insured or a relative,

(2) an automobile or trailer owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law,

(3) an automobile or trailer owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing,

(4) a land motor vehicle or trailer if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle, or

(5) a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads.

a hundred people out of a hundred would say that it is not. That is the type of strained interpretation that the courts want to get away from . . . .

*    *    *

I think the simple fact remains that the insurance policy provided for uninsured automobiles. That is what the policy states, and to attempt to expand that by judicial interpretation to include motorcycles is going far beyond the policy and far beyond the contract. Essentially this is what we are dealing with: an insurance contract.

The trial court adopted the position of the defendant and indicated that, had the policy language read motor vehicle rather than automobile, the result would be different:

I don't think we can put a strained interpretation to say that an automobile is a motorcycle. It would have to be definitely set out in the policy to indicate that a motorcycle would be included in the policy, as opposed to using the term automobiles. When the term automobile was used by the drafter of the instrument and relied on by the public, I think it meant just exactly what it says: automobile. If they had just used the word motor vehicle we would have been getting into another area and a different area.

On November 9, 1982, the trial court entered a judgment of no cause of action. Neither party apprised the trial court of an endorsement to the policy which states that if the policy is written in Michigan: "[I]t is agreed that the term 'uninsured automobile' is changed to 'uninsured motor vehicle.'" After the plaintiff filed an appeal of right in the Court of Appeals, the plaintiff discovered the endorsement, and, according to the plaintiff, brought its existence to the attention of the Court of Appeals during oral argument. On July

24, 1984, the Court of Appeals issued a per curiam opinion which, without mentioning the language in the endorsement, affirmed the judgment of the trial court:

> Because a motorcycle is not an "automobile" within either the ordinary or technical meanings of that term, the trial court did not err by concluding that defendant was not liable. Plaintiff's reliance on the provision excluding certain types of land motor vehicles from the definition of "uninsured automobile" is misplaced. The term "motor vehicle" in its ordinary and technical meanings is broader than, but includes, the meanings of the term "automobile." Logic will not support an inference that exclusion of certain types of motor vehicles from the definition of the term "uninsured automobile" implies the inclusion of all other types of motor vehicles within that definition.
>
> *Because this case turns on the construction given the term "automobile," not the term "motor vehicle,"* plaintiff's discussion of the conflicting definitions of the latter term in MCL 500.3101(2)(c); MSA 24.13101(2)(c) and MCL 257.33; MSA 9.1833 is irrelevant. [*Trainor v Horace Mann Ins Co,* 137 Mich App 690, 693; 359 NW2d 2 (1984). Emphasis added.]

When the Court of Appeals denied rehearing on September 11, 1984, the plaintiff applied for leave to appeal with this Court. On March 28, 1985, the Court directed the Court of Appeals to reconsider its decision in light of the endorsement language. On May 31, 1985, the Court of Appeals entered an order explaining how this Court had remanded the case to it for reconsideration in light of the endorsement and stating that "the declaratory judgment of November 9, 1982, be affirmed." The plaintiff filed a second application for leave to

appeal with the Court, claiming that the Court of Appeals had clearly erred in ignoring the language of the endorsement. The defendant filed an answer in opposition to the plaintiff's application.

II

The plaintiff concedes that the endorsement language was not discovered by counsel for plaintiff until after the appeal was filed. The endorsement could justifiably be overlooked because it is located at the bottom of a page of endorsements in small letters under the heading "Virginia Endorsement." Since the defendant drafted the policy and the endorsement, it must have known the contents of the endorsement. While the defendant argued that the policy was not broad enough to cover motorcycles, it made no mention of the endorsement. Under these circumstances, the plaintiff is to be given the opportunity to have the issue of coverage resolved in light of the endorsement.[3]

Pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals, vacate the judgment of no cause of action, and remand the case to the Wayne Circuit Court to redetermine the question of liability after the parties have been given an opportunity to brief the issue whether a motorcycle is a motor vehicle under the uninsured motorist section of the policy.

Reversed.

WILLIAMS, C.J., and LEVIN, BRICKLEY, CAVANAGH, BOYLE, RILEY, and ARCHER, JJ., concurred.

[3] The defendant's answer in opposition before this Court does not appear to address the issue whether the plaintiff should be precluded from raising the language of the endorsement for the first time on appeal.