**Roger SIBBERT, et al., Respondents,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

No. C7–84–571.

Supreme Court of Minnesota.

July 19, 1985.

Rehearing Denied Sept. 9, 1985.

Kay Nord Hunt, Minneapolis, for appellant.

Diane C. Hanson, Minneapolis, for respondents.

AMDAHL, Chief Justice.

Respondent Sibbert commenced this action against appellant State Farm Mutual Automobile Insurance Company (State Farm), claiming that he is entitled to recover underinsured motorist benefits under a policy of automobile insurance issued to him by State Farm. The trial court found exclusionary language in the policy to be inconsistent with the purposes of the No-Fault Act and granted summary judgment in Sibbert's favor. The Minnesota Court of Appeals affirmed the decision of the trial court. *Sibbert v. State Farm Mutual Automobile Ins. Co.*, 354 N.W.2d 106 (Minn.App.1984). We granted review and now affirm.

On July 4, 1980, Roger Sibbert was involved in a motor vehicle accident with Ila MacFarland. MacFarland was insured under an automobile liability insurance policy issued by Home Mutual Insurance Company (Home Mutual). Sibbert was paid the $25,000 liability limit on the Home Mutual policy in settlement of the claim against MacFarland. Appellant State Farm Mutual Automobile Insurance Company has paid Sibbert $35,239.78 in basic economic loss benefits.

In July of 1980, Sibbert owned two automobiles, a Camaro and a Duster. Each car was insured by State Farm on separate policies. Each policy contained underinsured motorist coverage with limits of $25,000 per person and $50,000 per occurrence. Sibbert was injured while driving the Camaro, and State Farm agreed to pay Sibbert the underinsured motorist policy limit of $25,000 on the Camaro. State Farm refused to pay the $25,000 limit on underinsured motorist benefits provided in the policy insuring the Duster because of exclusionary language in the policy. The policy provided that:

A. We do not provide Underinsured Motorists Coverage for bodily injury sustained by any person:

1. While *occupying,* or when struck by, any motor vehicle or trailer of any type owned by you or any *family member* which is not insured for this coverage under this policy.

(Emphasis in original.) The policy declaration reflects a $1 premium paid on the Duster policy for coverage "W," identified in the policy itself as underinsured motorist coverage. Sibbert claims that he is entitled to recover the $25,000 limit on the Duster policy.

In a companion case filed herewith, *Sobania v. Integrity Mutual Ins. Co.*, 371 N.W.2d 197 (Minn.1985), we ruled that a policy exclusion which prevents an insured from receiving underinsured motorist benefits for injuries arising from a vehicle owned by the insured but not insured under the insurance policy is void and unenforceable. We concluded in *Sobania* that the legislature did not intend to permit insurers to preclude "stacking" of underinsured motorist benefits when it repealed the provision of the No-Fault Act which required the insurer to offer the insured underinsured motorist coverage. 371 N.W.2d at 201. We therefore adhered to our holding in *American Motorist Ins. Co. v. Sarvela,* 327 N.W.2d 77 (Minn.1982), and concluded that policy exclusions which prevent underinsured motorist coverage from following the person may not be enforced.

Affirmed.