David MATTSON, Respondent,

v.

CONTINENTAL INSURANCE
COMPANY, Petitioner,
Appellant.

No. C2–84–512.

Supreme Court of Minnesota.

July 19, 1985.

Michael S. Kreidler, Minneapolis, for appellant.

Jeffrey R. Anderson, Susan Bedor, St. Paul, for respondent.

AMDAHL, Chief Justice.

Appellant Continental Insurance Company (Continental) appeals from a summary judgment declaring respondent David Mattson eligible for underinsured motorist benfits under his policy with Continental. The court of appeals affirmed the grant of summary judgment. *Mattson v. Continental Ins. Co.*, 349 N.W.2d 605 (Minn.App.1984). We also affirm.

On July 25, 1981, David Mattson was operating a Harley-Davidson motorcycle when he was involved in an automobile accident with James Turnbull. Turnbull's automobile was insured by State Farm Mutual Insurance Company (State Farm) under a policy with a liability limit of $50,000. State Farm paid Mattson its liability limit. Mattson owned the motorcycle at the time of the accident. The motorcycle was insured under a policy issued by AID Insurance Company (AID), which did not include underinsured motorist benefits.

David Mattson owned two automobiles, a Dodge Dart and a Buick LeSabre, at the time of the accident. Both cars were insured by Continental Insurance Company and the policy provided underinsured motorist coverage of $50,000 per person and $50,000 per occurrence.[1] This policy was in effect on the day of the accident. According to the policy declaration, Mattson paid a separate premium on each car of $1 for underinsured motorist coverage. The policy provided that:

> A. We do not provide Underinsured Motorists Coverage for bodily injury sustained by any person:
>
> 1. While *occupying*, or when struck by, any motor vehicle owned by you or any *family member* which is not insured for this coverage under this policy.

(Emphasis in original.) Mattson seeks to recover the $50,000 policy limit of underinsured motorist coverage.

---

1. The parties stipulated that Mattson's underinsured motorist coverage limit was $50,000 per occurrence; the policy declaration provides coverage of $100,000 per occurrence.

In a companion case filed herewith, *Sobania v. Integrity Mutual Ins. Co.*, 371 N.W.2d 197 (Minn.1985), we voided a policy exclusion which prevented an insured from receiving underinsured motorist benefits for injuries arising from a vehicle owned by the insured but not insured under the insurance policy. We adhered to our holding in *American Motorist Ins. Co. v. Sarvela*, 327 N.W.2d 77 (Minn.1982), that policy exclusions which prevent underinsured motorist coverage from following the person may not be enforced.

Affirmed.