**GREAT AMERICAN INSURANCE COMPANY, Appellant,**

v.

**Wayne P. STICHA, Respondent.**

**No. C1–85–642.**

Court of Appeals of Minnesota.

Oct. 1, 1985.

Kent Charpentier, Minnetonka, for appellant.

James R. Schwebel, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ.

## OPINION

FOLEY, Judge.

Great American Insurance Company appeals from the judgment entered January 18, 1985, in favor of defendant-respondent Wayne Sticha, pursuant to the parties' cross motions for summary judgment. We affirm.

## FACTS

The facts are undisputed. Respondent Wayne Sticha was severely injured in an automobile accident on February 13, 1983, as a result of the negligence of Terrance Meyers and Anthi Lea Witting-Sticha, the respondent's wife. Arbitration proceedings conducted contemporaneous with litigation determined that Witting-Sticha was 80% negligent, and Meyers was 20% at fault. Sticha's damages were assessed at $140,000.

At the time of the accident Sticha was a passenger in a car owned and driven by his wife. Her car was insured under a policy issued by State Farm Insurance Company. Sticha was not a named insured under that policy. However, he was insured under a policy on his car issued by Great American Insurance Company. Sticha's policy had underinsured coverage for $100,000, while his wife's policy provided $25,000 liability limits.

Sticha asserted liability claims against both his wife and Meyers. Meyers' liability coverage was $25,000. State Farm paid its $25,000 liability limits on Witting-Sticha's policy in exchange for a *Pierringer* release. Sticha followed the procedure mandated by *Schmidt v. Clothier*, 338 N.W.2d 256 (Minn.1983), in negotiating settlements by notifying Great American in writing of State Farm's settlement offer. Great American chose not to substitute its check for State Farm's or take any other action to protect its rights of subrogation or contribution.

Great American sought a declaratory judgment to determine underinsured motorist coverage under its policy issued to

Sticha. Both parties brought motions for summary judgment. The trial court denied Great American's motion and granted Sticha's cross-motion.

### ISSUES

1. May an underinsured motorist carrier deny its insured benefits because he is occupying his wife's separately insured vehicle at the time of the accident?

2. · When an insured settles with one of two underinsured joint-tortfeasors on a *Pierringer* release, can his insurer be liable for underinsured damages in an amount greater than the damages attributable to the proportionate fault of the nonsettling joint-tortfeasor?

### ANALYSIS

1. If both Witting-Sticha and Meyers qualify as underinsured motorists, Sticha can recover underinsured benefits on a claim arising from *either* of these two underinsured tortfeasors. Great American denies its underinsurance liability for any negligence attributed to Witting-Sticha because of a definition in its insurance policy. Great American also attempts to diminish its liability for an underinsurance claim based on Meyers' negligence because Sticha entered into a *Pierringer* release with his wife's insurance company to the extent of her liability limits.

Sticha's policy with Great American defines "underinsured motor vehicle" as not including "a vehicle owned or furnished or available for the regular use of you or any family member." *DeVille v. State Farm Mutual Automobile Insurance Co.,* 367 N.W.2d 574, *pet. for rev. denied,* (Minn. July 26, 1985), invalidates this exclusion. In *DeVille,* the plaintiff was injured while riding as a passenger on her husband's motorcycle. She recovered $25,000 from his liability carrier and sought to recover underinsured benefits on an automobile she owned. Her insurer denied DeVille's claim because the policy excluded underinsured motorist coverage to a family member who is injured by a family-owned vehicle. The general rule articulated in *DeVille* holds

that a policy provision which excludes underinsured motorist benefits when the insured is injured while occupying a vehicle owned by the insured or a family member is invalid. *Id.* In our analysis, we relied on *American Motorist Insurance Co. v. Sarvela,* 327 N.W.2d 77 (Minn.1982).

In *Sarvela,* Vicki Sarvela was injured when a motorcycle she was driving was struck by a car driven by Sharon Johnson. After recovering the combined policy limits from Johnson's insurance and her motorcycle's underinsured benefits, Sarvela sought to recover underinsured benefits on an automobile she owned. American Motorist denied her claim on the basis of a family exclusion applicable to the policy definition of "insured automobile". The supreme court ruled that the exclusion was invalid, reasoning:

> It is well-established that first party coverages for which an insured pays a premium follow the person, not the vehicle. Policy exclusions which attempt to prevent the coverage from following the person are inconsistent with purposes of the Minnesota No-Fault Act.

*Id.* at 79.

Respondent here claims that *Sarvela* is inapplicable because there the insured made a claim for underinsured benefits, not based on the fact that the motorcycle she was driving was underinsured, but rather because the other involved vehicle was underinsured. Respondent further claims that the definition of underinsured vehicle was not addressed in *Sarvela.*

■ It is true that the family exclusion addressed in *Sarvela* was applicable to the *insured vehicle,* while the family exclusion in question here is applicable to the *underinsured vehicle.* The distinction, however, is not persuasive. In *DeVille* we noted that "family exclusions derogate from the purpose of the No-Fault Act, namely, that accident victims be adequately compensated." *DeVille* at 576. Underinsured coverage is first party coverage, and as *Sarvela* held, such coverage follows the named insured.

The Minnesota Supreme Court recently reiterated, in three separate cases, the principle in *Sarvela* that policy exclusions which prevent underinsured motorist coverage cannot be enforced. *See, Sobania v. Integrity Mutual Insurance Co.* 371 N.W.2d 197 (Minn.1985); *Sibbert v. State Farm Mutual Automobile Insurance Co.,* 371 N.W.2d 201 (Minn.1985); *Mattson v. Continental Insurance Co.,* 371 N.W.2d 203 (Minn.1985).

There is a limited exception to the *Sarvela* rule where the tortfeasor attempts to convert his inexpensively purchased underinsurance into additional liability insurance. *Myers v. State Farm Mutual Automobile Insurance Co.,* 336 N.W.2d 288 (Minn. 1983). In *Myers*, a case upon which appellant relies heavily, the court held that a one-car accident victim could not recover both liability and underinsurance motorist benefits under the same policy. The exception is clearly limited to a situation where a plaintiff is attempting to convert underinsured motorist (first-party) coverage into liability (third-party) coverage.

However, the court in *DeVille* refused to extend the exception to circumstances where the plaintiff had recovered under the tortfeasor's liability coverage and was seeking to recover underinsured benefits from her own personal policy purchased by her for her own protection. "This is classic 'first party coverage,' and it should follow her wherever she may be located when injured." *DeVille* at 577.

Here, the facts are comparable to *DeVille*. Sticha recovered under his wife's $25,000 liability coverage. He is now seeking to recover underinsured benefits on his own personal policy purchased by him for his protection. Under the reasoning in *DeVille* and *Sarvela,* the Great American policy exclusion which precludes underinsured coverage for a family member injured while occupying any other family owned vehicle is unlawful.

2. Great American also argues that its underinsured liability here is limited to a claim based on the proportionate fault of nonsettling tortfeasor Meyers (20% of $140,000, less Meyers' $25,000 liability coverage, or $3,000). Great American bases this argument on the assertions it is not liable on a claim arising from Witting-Sticha's negligence as discussed above, and that since Sticha gave State Farm a *Pierringer* release for its liability coverage on his wife's separate policy, he destroyed joint liability among the nonsettling tortfeasors. *See Frey v. Snelgrove,* 269 N.W.2d 918 (Minn.1978).

Since we hold that Sticha's underinsurance claim based on his wife's insufficient liability coverage is valid, this second issue is rendered moot. Because Witting-Sticha's vehicle was underinsured, Sticha would be entitled to recover all the uncompensated damages he can prove, to the extent of his underinsured motorist limits.

Great American erroneously rests its argument on *State Farm Mutual Automobile Insurance Co. v. Galloway,* 354 N.W.2d 527 (Minn.Ct.App.1984), *pet. for rev. granted* (February 19, 1985). While the present case was under consideration, *Galloway* was affirmed by the Minnesota Supreme Court. *State Farm Mutual Automobile Insurance Co. v. Galloway,* 373 N.W.2d 301 (Minn.1985).

This court in *Galloway* distinguished between the effect of a *Pierringer* release on uninsured carriers, as opposed to, underinsured carriers. This court also quoted with approval the trial court's crucial distinction between underinsured motorist carriers and uninsured motorist carriers when the insured executes a *Pierringer* release with one of the joint-tortfeasors:

> With *underinsured* coverage the insurer is stepping into the place of the *settling* tortfeasor and providing coverage in excess of his policy limits. In *uninsured* motorist situations involving settlements with jointly liable insured tortfeasors, the *settlement is not with the party whose liability the insurer has assumed.*

*Id.* at 530 (emphasis added). The Minnesota Supreme Court appears to have accepted this rationale in *Galloway* by citing

*Schmidt v. Clothier*, 338 N.W.2d 256 (Minn.1983), with approval. The holding in *Schmidt*, "that settlement and release of an underinsured tortfeasor does not preclude recovery of underinsurance benefits," applies here. *Schmidt* at 262.

■ ·Great American had an opportunity to protect its subrogation and contribution rights when Sticha informed it that he intended to settle with State Farm. Great American did nothing. Sticha's execution of the *Pierringer* release with his wife's insurer does not diminish the liability of Great American to cover Sticha's uncompensated losses.

### DECISION

We affirm the trial court's granting of summary judgment to respondent Sticha.

Affirmed.