**Theresa PERFETTI, Appellant,**

v.

**FIDELITY & CASUALTY COMPANY OF NEW YORK, Respondent.**

No. C4–92–248.

Court of Appeals of Minnesota.

June 9, 1992.

Michael M. Bader, John P. Dehen, Kampmeyer & O'Connor, St. Paul, for appellant.

Jeffrey A. Magnus, Skrien & Magnus, Eagan, for respondent.

Considered and decided by AMUNDSON, P.J., and PARKER and KALITOWSKI, JJ.

## OPINION

PARKER, Judge.

After suffering injuries in an automobile accident, Theresa Dehen (now Theresa Perfetti) sought a declaratory judgment granting her uninsured motorist coverage under the insurance policy issued by Fidelity & Casualty Company of New York (Fidelity) to her father, Joseph Dehen. Perfetti and Fidelity filed motions for partial summary judgment, contesting the enforceability of the family-owned vehicle exclusion in the policy.

On appeal from the judgment, Perfetti argues that the family-owned vehicle exclusion in the policy is unenforceable because it violates public policy and the purpose of the Minnesota No–Fault Act. We reverse and remand.

## FACTS

Theresa (Dehen) Perfetti suffered injuries in an automobile accident on April 25, 1980, in Minneapolis while a passenger in an automobile driven by her brother, Stephen Dehen. The title to the car was in Stephen's name. At the time of the accident, Stephen and Theresa were emancipated children residing in the home of their father, Joseph Dehen.

On the date of the accident, Stephen did not carry insurance on his 1972 Volvo. Joseph Dehen carried an insurance policy with Fidelity & Casualty Company of New York which provided $100,000 in uninsured motorist insurance and covered his vehicle.

The policy contained an exclusion to the uninsured motorist coverage providing that it would not apply to

> bodily injury sustained by any person while occupying * * * any motor vehicle owned by [the policyholder] or any family member which is not insured for this coverage under this policy.

## ISSUE

Did the trial court err in granting summary judgment for Fidelity and in concluding that the family-owned vehicle exclusion was enforceable?

## DISCUSSION

### Standard of Review

Minnesota Rule of Civil Procedure 56.03 provides that the trial court shall award summary judgment where "there is no genuine issue as to any material fact and * * * either party is entitled to a judgment as a

matter of law." On appeal from an award of summary judgment, this court's sole function is to determine "(1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law." *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

When reviewing questions of law, this court need not accord deference to the trial court's determination. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.,* 260 N.W.2d 579, 582 (Minn. 1977). Where the trial court applied the law to undisputed facts, the reviewing court may treat that determination as a matter of law. *Yost v. Millhouse,* 373 N.W.2d 826, 829 (Minn.App.1985).

## I

Perfetti argues that public policy considerations warrant invalidation of the family-owned exclusion in this case. The trial court upheld the exclusion, holding that first-party uninsured motorist coverage follows only the *named* insured to other vehicles and that therefore the exclusion is invalid only against the named insured. We disagree and conclude that the trial court's conclusion was an error of law.

In *Nygaard v. State Farm Mut. Auto. Ins. Co.,* 301 Minn. 10, 221 N.W.2d 151 (1974), the supreme court addressed two consolidated cases in which children of the named insureds, while operating their own uninsured motorcycles, were injured by uninsured drivers. Both insurance policies purported to exclude uninsured motorist coverage for injuries to an insured while occupying an uninsured vehicle owned by the named insured or a resident of the household. The court invalidated the exclusions, concluding that they were "offensive to the public policy of protection embodied in the uninsured-motorist statutes." *Id.* at 18, 221 N.W.2d at 156. The court further noted that the uninsured motorist statute "places no geographical limits on coverage and does not purport to tie protection against uninsured motorists to occupancy of the insured vehicle." *Id.* at 18, 221 N.W.2d at 156.

Minnesota courts have followed *Nygaard* to invalidate exclusions where the claimant is injured in an uninsured vehicle and claims uninsured or underinsured motorist benefits under his or her own policy. *See American Motorist Ins. Co. v. Sarvela,* 327 N.W.2d 77, 79 (Minn.1982); *State Farm Mut. Auto. Ins. Co. v. Zurich Ins. Co.,* 439 N.W.2d 751, 754 (Minn.App.1989); *Great American Ins. Co. v. Sticha,* 374 N.W.2d 556, 559 (Minn.App.1985); *DeVille v. State Farm Mut. Auto. Ins. Co.,* 367 N.W.2d 574, 577 (Minn.App.1985), *pet. for rev. denied* (Minn. July 26, 1985).

Fidelity argues that the *Nygaard* line of cases is distinguishable from the case at hand. Fidelity asserts that in the cases following *Nygaard,* the claimants attempted to recover first-party benefits under their own policies. Fidelity contends those cases do not control this case, because Perfetti is attempting to collect uninsured motorist benefits under her father's policy.

Fidelity's argument and the trial court's conclusion that first-party coverage follows only the named insured are contrary to the supreme court's holding in *Nygaard.* In *Nygaard* the claimants owned their vehicles, were insureds under their fathers' policies, and claimed uninsured motorist benefits under their fathers' policies. Under *Nygaard,* therefore, the family-owned exclusion is void as against any insured who is injured in an uninsured, family-owned vehicle and who claims first-party, uninsured motorist benefits under the named insured's policy.

The proposition that first-party, uninsured motorist coverage follows only the named insured, to the exclusion of other insureds under the policy, is unsupported by any authority. The appellate courts of this state have rendered no decisions embracing that notion. The trial court apparently gleaned that proposition from language that has amounted to no more than dictum or parenthetical remarks in those decisions.

We further note that the No–Fault Act has rejected the asserted distinction between an insured and the named insured.

*See* Minn.Stat. § 65B.43, subd. 5 (1990) (definition of "insured" includes named insured and others residing in the same household with the named insured), *pet. for rev. denied* (Minn. June 9, 1989); *Murphy v. Milbank Mut. Ins. Co.*, 438 N.W.2d 390, 395 (Minn.App.1989) (adopting trial court's conclusion that definition of "insured" is not limited to the named insured and those who are not named but who are related to or lived with the named insured). In view of the general policy of the Act and of the decisions that fail to distinguish between the named insured and other insureds, we believe that first-party coverage validly follows Perfetti in this case.

Not only do we conclude that *Nygaard* controls this case, but we believe that the facts of this case present a more persuasive argument for invalidating the exclusion than did those of *Nygaard*. In *Nygaard* the claimants were the owners of the vehicles involved in the accidents. Moreover, the vehicles were motorcycles. In this case Perfetti was an innocent passenger injured in a family-owned automobile. Reasoning from *Nygaard, a fortiori,* we cannot bar first-party benefits to an innocent passenger injured in a family member's automobile.[1]

Since *Nygaard,* the courts have established an exception to the rule invalidating family-owned exclusions. A line of cases commencing with *Myers v. State Farm Mut. Auto. Ins. Co.*, 336 N.W.2d 288, 291 (Minn.1983), has upheld the exclusion in strictly limited cases when the injured party seeks first-party benefits after suffering injury while occupying or by being struck by an uninsured vehicle. *See Petrich v. Hartford Fire Ins. Co.*, 427 N.W.2d 244, 245–46 (Minn.1988); *American Family Ins. Co. v. Luhman*, 438 N.W.2d 453, 455 (Minn.App.1989), *pet. for rev. denied* (Minn. June 21, 1989); *Linder v. State Farm Mut. Auto. Ins. Co.*, 364 N.W.2d 481, 483 (Minn.App.1985), *pet. for rev. denied* (Minn. May 1, 1985); *Eisenschenk v. Millers' Mut. Ins. Ass'n of Ill.*, 353 N.W.2d 662, 665 (Minn.App.1984), *pet. for rev. denied* (Minn. Jan. 2, 1985).

In those cases, each claimant sought uninsured or underinsured motorist benefits under the policy of the person *who owned or insured* the uninsured or underinsured vehicle. *Luhman,* 438 N.W.2d at 455. The courts there upheld the exclusion, reasoning that a claimant should seek first-party coverage under his own policy and third-party liability coverage under the policy of the at-fault driver. *Id.* Claiming first-party benefits under the policy of the owner or insurer of the "at-fault" vehicle would be tantamount to converting uninsured or underinsured motorist coverage into more expensive third-party liability insurance. *Myers,* 336 N.W.2d at 291.

The facts of the case at hand do not fall within the *Myers* exception. Perfetti is not attempting to collect first-party benefits under the policy of the person who owned or insured the "at-fault" vehicle. She was injured in a vehicle owned by, but left uninsured by, her brother when he swerved to avoid an oncoming vehicle and struck a telephone pole. She has no third-party liability claim against her father, but merely claims uninsured motorist benefits under his policy. The exception based on prohibiting the conversion of first-party coverage into third-party coverage is therefore inapplicable to her claim.

In a 1985 amendment to the No–Fault Act, the legislature fashioned a second exception to the rule invalidating the family-owned exclusion. That amendment provides that uninsured and underinsured motorist coverages on one vehicle no longer apply to bodily injury suffered by the insured while occupying a second vehicle he owns, unless the occupied vehicle is itself insured. Minn.Stat. § 65B.49, subd. 3a(7) (1990). The legislature could have extended this exception to all vehicles owned by family members, but did not see fit to do so. The maxim *inclusio unius est exclusio alterius,* adopted as a legislative guide

---

1. We note that the 1985 amendments to the No–Fault Act probably would have barred the claimants from recovery in *Nygaard.* Under the amendments, uninsured and underinsured motorist coverage does not apply to bodily injury to an insured who is injured while occupying a motorcycle that he or she owns. Minn.Stat. § 65B.49, subd. 3a(8) (1990).

**444**

to statutory interpretation by Minn.Stat. § 645.19 (1990), also precludes extending the exception.

DECISION

We hold that the family-owned vehicle exclusion is invalid where an insured was injured while a passenger in an uninsured motor vehicle owned by a family member and claims uninsured motorist benefits under the policy of her father, who neither owned nor insured the vehicle involved in the accident.

Reversed and remanded.