**Linda M. WINTZ, Appellant,**

v.

**COLONIAL INSURANCE COMPANY OF CALIFORNIA, Respondent.**

**No. C3–94–1377.**

Court of Appeals of Minnesota.

Jan. 3, 1995.

Michael G. Wright, Simmonds, Simmonds & Wright, Mankato, for appellant.

George C. Hottinger, Thomas H. Schaefer, Erstad & Riemer, P.A., Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and KALITOWSKI and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

Appellant Linda Wintz challenges the district court's grant of summary judgment, arguing that the policy's exclusionary clause is invalid, and, alternatively, if the exclusion applies, there is a genuine issue of material fact regarding whether the vehicle was "available for the regular use" of David Wintz at the time of the accident. We reverse and remand.

## FACTS

The parties stipulated to the facts and to the contents of the insurance policy.

On October 13, 1989, Linda Wintz was a passenger on a motorcycle driven by her husband, David Wintz, and owned by Adam Wintz, his son (at that time a minor). On that date, Linda Wintz sustained injuries from a motorcycle-tractor collision; she has already settled the action against the tractor owner. At the time of the accident, Adam Wintz had not insured the motorcycle.

Adam Wintz was not living in his father's household. He had moved about two months earlier to live with his mother and attend school in Illinois. Since the Wintzes felt that moving the motorcycle was impractical, Adam Wintz left it and the keys with his father. Adam Wintz gave his father permission to use the motorcycle, and communicated no limits to that use. David Wintz recalls that it was his intention to use the motorcycle on a very occasional basis.

Colonial issued two automobile policies to David Wintz that were in effect at the time of the accident. Both policies covered Linda Wintz as well.

The insurance policies provide uninsured motorist (UM) coverage for damages "which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle.**" (Emphasis in original). Under the policies, "**uninsured motor vehicle** * * * does not mean a vehicle * * *

owned by or furnished or available for the regular use of **you, or a relative.**" The policies also contain the following exclusion:

This coverage does not apply to **bodily injury** suffered by a person * * * [w]hile **occupying** a **motor vehicle** owned by or furnished for the regular use of **you** or a **relative** for which insurance is not afforded under this Part, or through being struck by that **motor vehicle.**

The policy defines "relative" as "a person living in **your** household, related to **you** by blood, marriage, or adoption, including a ward or foster children."

Appellant sought UM benefits from Colonial. Colonial denied coverage based on the definition of "uninsured motor vehicle." Appellant then commenced this declaratory judgment action. The district court granted Colonial's motion for summary judgment. There was no memorandum accompanying the district court's order. This appeal followed.

### ISSUES

1. Is the exclusionary clause invalid?

2. Is there a genuine issue of material fact regarding whether the motorcycle was "available for the regular use" of David Wintz at the time of the accident?

### ANALYSIS

I. *Validity of Exclusion*

The insurer argues that appellant's claim for UM benefits is barred because the motorcycle upon which she was a passenger, driven by her husband, is not an "uninsured motor vehicle" within the meaning of the policies.

Appellant, however, argues that the exclusionary clause and the definition of uninsured motor vehicle attempt to prevent first party benefits from following the insured and thus are invalid.

■ It is well-established that first party coverages for which an insured pays a premium follow the person, not the vehicle. *American Motorist Ins. Co. v. Sarvela,* 327 N.W.2d 77, 79 (Minn.1982). The Minnesota Supreme Court has held that policy exclusions that attempt to prevent the coverage

from following the person are inconsistent with the purposes of the Minnesota No–Fault Act and, therefore invalid. *Id.*

■ It is also well-established that vehicle owners should not purchase first party coverage and expect it to function as liability protection since allowing recovery in that situation "inevitably compensates the owner who failed to adequately insure one of his vehicles." *Petrich v. Hartford Fire Ins. Co.,* 427 N.W.2d 244, 245–46 (Minn.1988) (policy provision excluding UM coverage if uninsured vehicle is owned by insured is enforceable where claimant's stepfather owned both the uninsured car that caused the injury and the UM policy under which claimant sought recovery); *see also Myers v. State Farm Mut. Auto Ins. Co.,* 336 N.W.2d 288 (Minn. 1983) (where the fatally injured person was a passenger in an automobile which struck a tree, that automobile was not an "underinsured motor vehicle" under the owner's policy for the purpose of a UIM benefit claim by the passenger's heirs). Thus, where the same person owns the at-fault vehicle and the policy under which the injured claimant sought first-party coverage, the "two parties merge into one," and the rule that the coverage follows the person does not apply. *Petrich,* 427 N.W.2d at 246.

We must decide which of these two rules applies in this case. We conclude that the principle that the coverage follows the person, not the vehicle, applies. A father has no duty to force his son to buy motorcycle insurance. Unless the son's ownership was a sham (it was not in this case), the son alone is responsible for that insurance.

■ In *Petrich,* the policyholder himself had the obligation to insure the vehicle, since the same person owned the insured and uninsured vehicles. In this case, however, the insured did not own the motorcycle. The owner of the motorcycle was not on David and Linda Wintz's policy since he no longer resided with them. Thus, "merger" cannot take place since David Wintz did not have a duty to insure his son's motorcycle.

Our conclusion is consistent with our decision in *Perfetti v. Fidelity & Cas. Co. of New*

*York,* 486 N.W.2d 440 (Minn.App.1992). In *Perfetti,* the claimant was injured in an automobile accident while a passenger in an automobile driven by her brother. The title to the car was in her brother's name. At the time of the accident, the claimant and her brother were emancipated children residing in their father's home. On the date of the accident, claimant's brother did not carry insurance on his automobile. Claimant's father carried a policy that provided UM insurance and covered his vehicle. This policy contained an exclusion providing that it would not apply to

> bodily injury sustained by any person while occupying * * * any motor vehicle owned by [the policyholder] or any family member which is not insured for this coverage under this policy.

*Id.* at 441.

This court distinguished the case from *Myers:*

> Perfetti is not attempting to collect first-party benefits under the policy of a person who owned the insured or "at-fault" vehicle. She was injured in a vehicle owned by, but left uninsured by, her brother when he swerved to avoid an oncoming vehicle and struck a telephone pole. She has no third-party liability claim against her father, but merely claims uninsured motorist benefits under his policy.

*Id.* at 443.

Here, as in *Perfetti,* the named policyholder operated but did not own the vehicle. In addition, the owner of the insured vehicles had no way of ensuring that the owner of the uninsured vehicle took out an insurance policy on the vehicle.

Thus, we conclude that, since appellant did not fail to adequately insure one of her vehicles, the rule that the coverage follows the person applies and the exclusionary clause is invalid. *Cf. Petrich,* 427 N.W.2d at 245–46 (allowing recovery would compensate owner who failed to adequately insure one of his vehicles).

II. *"Available for the Regular Use"*

Since we determine that the exclusionary clause is invalid, we do not decide whether there is a genuine issue of material fact regarding whether the vehicle was "available for the regular use" of David Wintz at the time of the accident.

## DECISION

The family-owned exclusion is void in this case. We reverse and remand this case to the district court for a determination of the amount owed to Linda Wintz under the insurance policy.

**Reversed and remanded.**