Gayle Marie STALEY, Appellant,

v.

METROPOLITAN PROPERTY AND CA-
SUALTY INSURANCE COMPANY, a
Rhode Island Corporation, Respondent.

No. C3–97–1815.

Court of Appeals of Minnesota.

March 31, 1998.

Review Denied June 17, 1998.

Steven H. Silton, Minneapolis and Joseph A. Brodsky, Brodsky Law Office, Ltd., Roseville, for appellant.

* Retired judge of the district court, serving as
judge of the Minnesota Court of Appeals by ap-

Paul A. Banker, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, for respondent.

Considered and decided by KALITOWSKI, P.J., and DAVIES and MANSUR *, JJ.

## OPINION

KALITOWSKI, Judge.

On appeal from a judgment declaring that appellant Gayle Marie Staley is not entitled to underinsured motorist benefits, Staley contends the district court erred by granting summary judgment in favor of respondent Metropolitan Property and Casualty Insurance Company.

## FACTS

Gayle Marie Staley was riding in her husband's Geo Tracker when her husband drove the Tracker into a ditch. At the time of the accident, Staley and her husband owned three vehicles, including the Tracker. Staley was listed as the sole owner of one of the other vehicles and all three vehicles were insured under a single policy with Metropolitan Property and Casualty Insurance Company (Metropolitan). Staley asserted a bodily injury claim, and Metropolitan paid the full liability limits under the policy. Staley subsequently submitted a claim for underinsured motorist (UIM) benefits under the same policy, which Metropolitan denied, citing a "family-owned-vehicle" exclusion that provided:

> The term "underinsured highway vehicle" does not include * * * a covered automobile or highway vehicle regularly furnished or available for the use of you or any relative.

Staley concedes the exclusion applies, but contends the exclusion is invalid because it violates public policy.

## ISSUE

Is an insured barred from recovering UIM benefits under a policy of insurance issued to

pointment pursuant to Minn. Const. art. VI, § 10.

herself and her spouse when the policy contains a family-owned-vehicle exclusion and the insured has already recovered liability insurance under the policy for the same accident?

## ANALYSIS

On appeal from a summary judgment, we determine whether there is a genuine issue of material fact and whether the district court erred in applying the law. *Fairview Hosp. & Health Care Servs. v. St. Paul Fire & Marine Ins. Co.,* 535 N.W.2d 337, 341 (Minn.1995).

Our analysis is governed by the supreme court's decision in *Myers v. State Farm Mut. Auto. Ins. Co.,* 336 N.W.2d 288 (Minn.1983). In *Myers,* a passenger's estate sued the owner of the vehicle in which the passenger had been riding and recovered the owner's liability limits. The estate then sought UIM benefits under the same policy. The supreme court concluded that the estate was barred by a family-owned-exclusion from recovering UIM benefits. The court reasoned that UIM coverage is not designed to compensate for an insured's own failure to purchase sufficient liability insurance, and that the family-owned-vehicle exclusion properly prevents the conversion of first-party UIM coverage into third-party liability coverage. *Id.* at 291; *see also Eisenschenk v. Millers' Mut. Ins. Ass'n,* 353 N.W.2d 662, 665 (Minn.App. 1984) (holding that son injured in father's car was precluded from recovering UIM benefits as well as liability coverage under father's insurance policy, which excluded father's own vehicles from UIM coverage), *review denied* (Minn. Jan. 2, 1985).

Staley argues that unlike *Myers,* which involved claims against a third party's insurer, she is claiming first-party UIM benefits under an insurance policy that covers a vehicle she owns. Staley argues that *Myers* should not apply to a situation where a single policy covers the injured plaintiff and a negligent spouse. We disagree.

Staley and her husband made a decision to purchase a single policy for their vehicles, instead of purchasing separate policies with separate liability limits. Their single policy had liability limits of $100,000. Staley recov-

ered those liability limits because her husband, as owner and operator of the Tracker, was covered by the policy and because her husband's negligence caused her injuries. According to *Myers,* Staley may not recover UIM benefits under the same policy that paid her liability insurance.

Staley contends that rather than relying on *Myers,* we should look to this court's decisions in *Great Amer. Ins. Co. v. Sticha,* 374 N.W.2d 556 (Minn.App.1985) and *DeVille v. State Farm Mut. Auto. Ins. Co.,* 367 N.W.2d 574 (Minn.App.1985), *review denied* (Minn. July 26, 1985). In both *Sticha* and *DeVille,* the plaintiffs were injured while riding in vehicles owned and driven by their spouses. The plaintiffs recovered liability insurance from the spouses' insurers but were then denied UIM benefits under their own separate insurance policies. In both cases this court concluded that the family-owned-vehicle exclusions in the plaintiffs' policies violated public policy and were therefore invalid.

We conclude the facts in *Sticha* and *DeVille* are distinguishable from the facts on appeal. In both *Sticha* and *DeVille,* the negligent spouses' vehicles were insured under one policy and the injured plaintiffs were seeking UIM benefits under separate policies. In contrast, Gayle Staley did not own a separate policy of insurance. She sought to recover UIM benefits under the same policy that had paid her claim for liability insurance. Under *Myers,* Staley is not entitled to convert less expensive UIM coverage into additional liability coverage in the same policy.

## DECISION

The district court properly concluded that the family-owned-vehicle exclusion in Metropolitan's policy bars Staley's claim for UIM benefits.

**Affirmed.**