## F. A. JOHNSON v. FRED W. RADDE AND OTHERS.

196 N. W. 2d 478.

March 31, 1972—No. 42769.

*Robert A. Nicklaus* and *Dwight J. Leatham,* for appellant.
*Bentson & Kalina* and *R. Glendon Nord,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

PER CURIAM.

Appeal by defendant Fred W. Radde from an order of the district court denying his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial in an action for damages for unlawfully inducing an alleged breach of contract. The jury returned a verdict for plaintiff in the sum of $500 for compensatory damages and $2,200 for punitive damages. While appellant asserts numerous errors, only one requires discussion and that relates to the sufficiency of the evidence to support the jury's award for punitive damages.

From the record it appears that one Dennis S. Bailey and his wife owned a vacant garage building in Norwood, which was listed for sale with defendant Radde, a real estate agent who was given the "sole and exclusive agency." In response to a newspaper advertisement, plaintiff, F. A. Johnson, became interested in the purchase of the property. About a week after he first saw the property, Johnson met Bailey by an appointment made through Radde's wife. After Johnson inspected the property, Bailey prepared and gave him a "sales slip," presumably to evidence an agreement to sell. No downpayment was made, and the writing merely recites:

"1 Building Garage 50 x 80
12500
Sold"

It was signed by both Bailey and Johnson. When this commitment became known to Radde, he immediately called Johnson and told him that the building had been sold to someone else. Apparently Radde had agreed to sell the property to D & M Heating and Air Conditioning Company and accepted a $500 downpayment the day before. Thereafter, the sale of the property to D & M was completed, and Johnson brought this action, contending that he was entitled to compensatory damages, as well as punitive damages for alleged malicious and intentional interference which caused a breach of the alleged agreement with Bailey. It does not appear from the briefs and record that there is a great deal of controversy between the parties as to the amount of compensatory damages. When the conflicting claims of the purchasers became known to Radde, he offered to pay Johnson $150 in settlement of whatever claims he might have.

As a general rule, damages for breach of contract are limited to the pecuniary loss sustained. In those exceptional cases, however, where the breach results from an independent or willful tort, exemplary damages may be recovered. 22 Am. Jur. 2d, Damages, § 245. We are not satisfied that a verdict for such damages is supported by the record in this case. The element of malice—a necessary component of the wrong which will support exemplary damages—has been defined in numerous ways. As a requisite of liability for inducing breach of contract, malice denotes the intentional doing of a harmful act without legal justification. Carnes v. St. Paul Union Stockyards Co. 164 Minn. 457, 205 N. W. 630, 206 N. W. 396 (1925); Anderson v. International Harvester Co. of America, 104 Minn. 49, 116 N. W. 101 (1908); Mendelson v. Blatz Brewing Co. 9 Wis. 2d 487, 101 N. W. 2d 805 (1960); Dixon v. Northwestern Nat. Bank of Minneapolis, 276 F. Supp. 96 (D. Minn. 1967); Benson Co-op. Creamery Assn. v. First Dist. Assn. 276 Minn. 520, 151 N. W. 2d 422, 152 N. W. 2d 182 (1967); 19 Dunnell, Dig. (3 ed.) § 9637; 45 Am. Jur. 2d, Interference, §§ 3, 61; Annotation, 26 A. L. R. 2d 1227, 1274. In the Carnes case, we stated (164 Minn. 462, 205 N. W. 631) that the term "malice" means—

"* * * nothing more than the intentional doing of a wrongful act without legal justification or excuse, or otherwise stated the wilful violation of a known right. Whether a wrongdoer's motive in interfering is to benefit himself, or to gratify his spite by working mischief to another, is immaterial, malice in the sense of ill-will or spite not being essential."

Justification is the most common affirmative defense to an action for interference. It is employed to denote the presence of exceptional circumstances which show that no tort was in fact committed and lawful excuse which excludes actual or legal malice.[1] The standard for determining whether the defense of justification is fully established is the reasonableness of the defendant's conduct under all the circumstances of the case. Bennett v. Storz Broadcasting Co. 270 Minn. 525, 134 N. W. 2d 892 (1965).

Viewing the record in the light of these authorities as they bear upon defendant Radde's motive and purpose under the circumstances, we do not find sufficient evidence of malice to support the verdict. Because of peculiar circumstances, Radde found himself in a position where he, as an agent having the exclusive sale of the property, had committed himself to selling the property to one purchaser while his principal had apparently committed himself to selling it to another. Because of the nature of the negotiations between the plaintiff and the owner, it was understandable that defendant Radde, as a layman, might view the owner's commitment as without legal effect. Moreover, he had nothing to gain by influencing the sale to the purchaser from whom he had received the downpayment. He was entitled to his $500 commission no matter which one purchased the property. There was nothing in Radde's conduct which was unworthy or selfish or which would indicate an ulterior motive.

Since the necessary element of malice is absent from this defendant's purpose and conduct, the award in favor of the plaintiff in the sum of $2,200 for punitive damages is reversed. The award in the sum of $500 for compensatory damages is affirmed.

No costs are allowed to either party.

Affirmed in part; reversed in part.

---

[1] It appears from our recent decision in McDonald v. Stewart, 289 Minn. 35, 182 N. W. 2d 437 (1970), that the defense of justification may exist in the exercise by a defendant of a right equal or superior to that of the plaintiff, as in the case of an attorney acting in his professional capacity.