## RICHARD TAULELLE AND ANOTHER v.
## ALLSTATE INSURANCE COMPANY AND OTHERS.

207 N. W. 2d 736.

May 25, 1973—No. 43925.

*Spellacy & Lano,* for appellant.

*Clarence H. Kleffman,* for respondents.

Considered by Knutson, C. J., and Rogosheske, Peterson, and Gillespie, JJ.

ROBERT B. GILLESPIE, JUSTICE.*

Defendant Allstate Insurance Company appeals from a declaratory judgment entered in favor of plaintiffs. The only legal issue involved in this appeal is: Does the term automobile, as used in the provisions relating to uninsured-motorist coverage in the Allstate policy, include a motorcycle?

On April 19, 1967, plaintiff Richard Taulelle was riding as a passenger on a motorcycle, owned and operated by Gerald Arnebeck. The motorcycle collided with an automobile owned by Clifford Craven, and plaintiff was allegedly injured in the collision. The Arnebeck motorcycle was insured by a policy which afforded no liability coverage to a passenger. Defendant Allstate had issued an automobile insurance policy, in effect on April 19, 1967, to plaintiff Josephine Taulelle wherein Richard Taulelle was an insured. The policy contained certain provisions for uninsured-motorist coverage. Plaintiffs brought a declaratory judgment action in St. Louis County District Court asking the court to determine Arnebeck to be an uninsured motorist and to determine that plaintiffs are entitled to the protection of the uninsured-motorist clauses contained in their policy with Allstate. The case was heard by the district court on stipulated facts.

The court found that Arnebeck had no effective insurance covering his liability, if any, to the plaintiffs and was therefore an uninsured motorist. On this issue there has been no appeal to this court. The trial court further adjudged that plaintiffs were afforded coverage under their Allstate policy. We affirm.

Plaintiffs' Allstate policy, under Section II, Coverage S, headed "PROTECTION AGAINST BODILY INJURY BY UNINSURED AUTOMOBILES," provides that the insurer "will pay all sums [to the limits set forth in the policy] which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

insured, caused by accident and arising out of the * * * use of such automobile." The following definition is set forth in Coverage S:

" '[U]ninsured automobile' means an automobile:
1. with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance applicable at the time of accident; or
2. used without the permission of the owner thereof if there is no bodily injury liability insurance applicable at the time of the accident with respect to the operator thereof;

provided, however, an uninsured automobile shall not include:
* * * * *
2. a land motor vehicle or trailer operated on rails or crawler treads;
* * * * *
4. a land motor vehicle or trailer while located for use as a residence or premises and not as a vehicle."

The only other definition of an automobile within the policy is contained in Part 2 of Section I of the Allstate policy, headed "Family Liability Insurance," which under definitions provides:

"3. '[A]utomobile' means a land motor vehicle * * *."

Under Section III, entitled "MEDICAL EXPENSE, DEATH INDEMNITY AND DISABILITY INCOME PROTECTION," the policy, after providing for payment of the principal sum in the event of the death of the insured while occupying or through being struck by an automobile, excludes death "sustained while occupying a land motor vehicle or trailer if located for use as a residence or premises."

An extension certificate attached to the policy shows coverages afforded and premiums charged therefor. As a part of the certificate, we find:

"S   UNINSURED MOTORISTS
     Each Person        $10,000
     Each Accident      $20,000          $4.50"

The index to the policy reads:

"SECTION II—BODILY INJURY PROTECTION AGAINST *Uninsured Motorists* WHO ARE LEGALLY LIABLE." (Italics supplied.)

On page 6 of the policy, following the words "Coverage S—Bodily Injury Benefit Insurance," there is a sketch of a hospital room under which appear the words:

"Bodily injury protection against *uninsured motorists* who are legally liable." (Italics supplied.)

We are presented with the question whether an automobile, as the term is used in the uninsured-motorist provisions of the policy, includes a motorcycle. We acknowledge that to the average person and to the public mind the word "automobile" does not usually describe a motorcycle. Mittelsteadt v. Bovee, 9 Wis. 2d 44, 100 N. W. 2d 376 (1960); Deardorff v. Continental Life Ins. Co. 301 Pa. 179, 151 A. 814 (1930). On the other hand, the phrase "land motor vehicle" does describe a motorcycle. Jirousek v. Prudential Ins. Co. 27 Ohio St. 2d 62, 271 N. E. 2d 866 (1971); Shipley v. American Standard Ins. Co. 183 Neb. 109, 158 N. W. 2d 238 (1968).

Our court has held in Lang v. General Ins. Co. 268 Minn. 36, 127 N. W. 2d 541 (1964), that where an insurance policy defines an automobile as a "land motor vehicle" such definition includes a "motor scooter."

Although the instant Allstate policy provision defining an automobile as a land motor vehicle is found in Part 2, Section I, it is contained within the insurer's policy and is the only affirmative definition of an automobile set forth in the policy. Moreover, under the uninsured motorist section, "land motor vehicles" are excepted from the term "uninsured automobile" where the same are operated on rails or crawler treads or while located for use as a residence or premises and not as a vehicle. By logical inference, there can be no question that the word automobile as used in the policy does include a land motor vehicle used for purposes other than the two exceptions noted. A motor-

cycle is a "land motor vehicle." Nowhere in the policy is a motor-cycle excluded from coverage. We believe the insurer is responsible, as the architect of the policy, for its failure to specifically exclude motorcycles if that was its intent.

Though we find it unnecessary for the purpose of this decision to consider the contention that the Allstate policy is ambiguous in the coverage, we note that such ambiguity does in fact appear. The index to the policy refers to "Section II—BODILY INJURY PROTECTION AGAINST UNINSURED MOTORISTS WHO ARE LEGALLY LIABLE" and on page 6 of the policy under Coverage S, accompanied by a picture of a hospital room scene the same words appear. The extension certificate to the policy providing for premiums is entitled "S—UNINSURED MOTORISTS."

The use of the word "motorist" creates an ambiguity. It is well settled that any ambiguity in an insurance policy is to be construed in favor of the insured and against the insurer who is charged with having chosen the language of the policy. Holland America Ins. Co. v. Baker, 272 Minn. 473, 139 N. W. 2d 476 (1965). The insured was advised that the policy covered an *uninsured motorist.* A motorist in the popular conception is one who drives or travels in a motor vehicle. Motor vehicle is a generic term which in its broadest sense includes all self-propelled land vehicles. Nepstad v. Randall, 82 S. D. 615, 152 N. W. 2d 383 (1967).

An introductory statement by the insurance company's president appears on the outside jacket of the policy: "* * * the All-state Crusader Policy, designed to give you the *broadest auto insurance protection in history.*" An insured is entitled to the benefit of the oft-expressed rule that "[l]iability insurance contracts should, if possible, be construed so as not to be a delusion to those who have bought them." Motor Vehicle Cas. Co. v. Smith, 247 Minn. 151, 157, 76 N. W. 2d 486, 490 (1956).

We agree with the conclusion of the court below as so well enunciated in his memorandum and affirm his decision.

Affirmed.