**Jennifer M. LINDER, a minor, by Jean M. LINDER, her Guardian Ad Litem, Respondent,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

No. C4–84–1502.

Court of Appeals of Minnesota.

March 19, 1985.

Review Denied May 1, 1985.

Raymond C. Krause, Mankato, for respondent.

Farrish, Johnson, Maschka & Hottinger, Mankato, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

This is an appeal from a declaratory judgment that required State Farm to provide underinsured motorist benefits to Jennifer Linder. The several automobile insurance policies in question each contained an exclusion that denied underinsured benefits to a family member who was injured by another insured family vehicle. The court held that the exclusions were invalid. We reverse.

## FACTS

On August 7, 1977, Jennifer Linder, a minor, was struck by a pickup owned by her father and driven by her brother. All were residents of the same household. Linder settled for the full $100,000 liability limits that the father carried on the pickup truck. Linder did not collect underinsured motorist benefits under that policy.

The settlement did not preclude Linder from asserting a claim to underinsured motorist benefits on two other automobile policies owned by the father. The father carried $100,000 underinsured motorist coverage on both his 1965 Mercury and his 1977 Buick. Neither vehicle was involved in the present accident. Each vehicle owned by the father was insured under a separate policy, and each policy contained the following exclusion:

THIS INSURANCE DOES NOT APPLY:

(b) To bodily injury to an insured while occupied or through being struck by a land motor vehicle owned by the named insured or any resident of the same household if such vehicle is not an owned motor vehicle.

The parties agree that this exclusion, if enforceable, would prevent coverage here.

Linder brought this declaratory judgment action seeking underinsured motorist benefits on the two non-involved vehicles. The trial court ruled that she was entitled to coverage because the exclusions were invalid.

## ISSUE

May an underinsured motorist policy exclude benefits to a family member who is injured by a different family automobile?

## ANALYSIS

■ Linder initially claimed underinsured motorist benefits under the pickup truck policy. This claim was not pursued at the declaratory judgment hearing in light of *Myers v. State Farm Mutual Insurance Co.*, 336 N.W.2d 288 (Minn.1983). *Myers* held that a one-car accident victim could not recover both liability and underinsured benefits under the same policy. The *Myers* policy contained an exclusion similar to the one here. The court ruled that the exclusion was valid:

> Underinsured motorist coverage is first-party coverage and, in that sense, the coverage follows the person not the vehicle. Here, however, the decedent passenger's heirs have already collected under the liability coverage of the insurer of the Stein car. To now collect further under the same insurer's underinsured motorist coverage would be to convert the underinsured motorist coverage into third-party insurance, treating it essentially the same as third-party liability coverage. The [exclusion] properly prevents this conversion of first-party coverage into third-party coverage.

*Myers*, 336 N.W.2d at 291. Underinsured motorist coverage is not designed to relieve an insured or his family from the failure to purchase adequate liability coverage. *Id.*

We recently applied this reasoning in *Eisenschenk v. Millers Mutual Insurance Co.*, 353 N.W.2d 662 (Minn.Ct.App.1984) (petition for review denied). In that case, the insured attempted to collect underinsured benefits on a non-involved automobile insured under the same policy as the involved automobile. The policy excluded underinsured coverage on the insured's own vehicle. Because "[w]e [were] unable to factually distinguish the instant case from *Myers*," the exclusion was upheld. 353 N.W.2d at 665. Our holding prevented the insured from converting underinsured motorist coverage into liability coverage.

■ This case raises an issue which we were not required to address in *Eisenschenk*, to-wit: is one policy's exclusionary clause regarding the availability of underinsured motorist coverage effective against the insured who has other of his vehicles covered under separate policies? Linder argues that it is not, and urges that the presence of more than one policy here distinguishes this case from *Myers* and *Eisenschenk*. We are unable to make such a distinction. The insureds in *Myers* and *Eisenschenk* and here were similarly situated. In each case, it was within that insured's power to purchase sufficient liability coverage to adequately protect himself and his other insureds. Each sought, instead, to look to his underinsured motorist coverages when liability coverage was exhausted. However, in each case, an exclusionary clause prevented him from doing so.

We are compelled to extend the holdings in *Myers* and *Eisenschenk* to this case. Linder was involved in a one-car accident. The liability coverage was insufficient. To allow Linder to avoid the exclusionary clauses in the policies would be to allow her to convert inexpensively-purchased underinsured motorist coverage into liability coverage. This would be contrary to the courts' decisions in *Myers* and *Eisenschenk*.

■ Finally, Linder argues that, because she is a minor and unable to purchase liability coverage herself, the exclusion clause is against public policy. While we are not insensitive to the position in which Linder is placed, we are unable to rescue her from the decisions made by her family regarding the limits of liability insurance purchased.

## DECISION

Reversed.