Jennifer Lee DeVILLE, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Respondent.

No. C1–84–2087.

Court of Appeals of Minnesota.

May 14, 1985.

William R. Sieben, Schwebel, Goetz, Sieben & Hanson, P.A., Minneapolis, for appellant.

R. Gregory Stephens, Robert E. Salmon, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and PARKER and WOZNIAK, JJ.

## OPINION

PARKER, Judge.

Jennifer DeVille appeals from an adverse summary judgment which denied her claim

against State Farm Automobile Insurance Company (State Farm) for underinsured motorist benefits. The trial court relied on *Beukhof v. State Farm Mutual Automobile Insurance Co.*, 349 N.W.2d 355 (Minn. Ct.App.1984), in making its decision. DeVille claims the lower court misapplied the *Beukhof* decision and failed properly to interpret and construe the language of State Farm's underinsured motorist contract. We reverse and remand.

## FACTS

Jennifer DeVille was injured while riding as a passenger on her husband's motorcycle when he drove the motorcycle into the rear end of a legally stopped car. She recovered $25,000 from his liability carrier.

DeVille then sought to recover underinsured motorist benefits on an automobile she owned. Her insurer, State Farm, denied DeVille's claim because (1) the policy requires, as a prerequisite to recovering underinsured benefits, that the insured be legally entitled to recover against the driver or owner of a "motor vehicle," and the motorcycle is not a "motor vehicle;" and (2) the policy excludes underinsured motorist benefits to a family member who is injured by a family-owned vehicle.

Cross-motions for summary judgment were filed. The trial court granted State Farm's motion, ruling that a motorcycle is not a "motor vehicle," and therefore DeVille is not entitled to underinsured benefits.

## ISSUES

1. Did the trial court err in determining that DeVille could not recover underinsured benefits because the motorcycle was not an insured vehicle?

2. May the wife's insurance policy exclude underinsured motorist benefits when she is injured while a passenger on her husband's motorcycle?

## ANALYSIS

### I

In order to collect underinsured benefits under the State Farm policy, the insured must be "legally entitled to recover from the owner or driver of an underinsured motor vehicle." DeVille concedes that the owner of the stopped car was not at fault. The only at-fault vehicle was the motorcycle. The question is whether the motorcycle is a "motor vehicle" as contemplated by the State Farm policy.

The trial court ruled that the motorcycle was not a motor vehicle and that DeVille therefore could not recover underinsured motorist benefits, relying on *Beukhof v. State Farm Mutual Automobile Insurance Co.*, 349 N.W.2d 355 (Minn.Ct.App. 1984). The trial court's reliance on *Beukhof* is misplaced.

In *Beukhof* underinsured motorist coverage was judicially imposed because State Farm had failed to comply with the mandatory offer statute pursuant to Minn.Stat. § 65B.49, subd. 6(e) (repealed 1980). The insured, a pedestrian, sought underinsured motorist benefits for injuries sustained when he was struck by a motorcycle. The court determined that as a prerequisite to collecting underinsured benefits, a "motor vehicle accident" must occur, i.e., an accident involving a motor vehicle. Because the coverage was judicially implied, the question before that court was whether a motorcycle was a motor vehicle as contemplated by the No-Fault Act. The court expressly relied on the Minnesota No-Fault Act's definition of motor vehicle, which excludes motorcycles. Minn.Stat. § 65B.43(2); 349 N.W.2d at 356. Because a motorcycle is not a motor vehicle as contemplated by the No-Fault Act, there was no motor vehicle accident, and the insured was denied recovery of underinsured motorist benefits.

Here we have a motorcycle-automobile accident. There can be no question that a "motor vehicle accident" occurred. Moreover, the underinsured motorist benefits were contracted for, not judicially implied. Thus, the language of the contract defining motor vehicle is controlling, not the language of the No-Fault Act.

■ The relevant contract provision provides that "underinsured motor vehicle means a land motor vehicle." The question now becomes whether a motorcycle is a land motor vehicle.

The Minnesota Supreme Court has already determined that a land motor vehicle encompasses a motorcycle within the context of an insurance policy. *Taulelle v. Allstate Insurance Company*, 296 Minn. 247, 207 N.W.2d 736 (1973). Therefore, DeVille's husband's motorcycle is an insured motor vehicle as contemplated by the State Farm policy.

## II

State Farm also denies underinsured motorist coverage on the basis of its family exclusion:

An underinsured motor vehicle does not include a land motor vehicle:

\* \* \* \* \* \*

2) furnished for the regular use of you, your spouse or any relative.

DeVille's husband's motorcycle fits squarely within this exception. This exclusion, if enforceable, precludes recovery.

■ The general rule is that a policy provision which excludes underinsured motorist benefits when the insured is injured while occupying a vehicle owned by the insured or a family member is invalid. *American Motorist Insurance Co. v. Sarvela*, 327 N.W.2d 77, 79 (Minn.1982).

Vicky Sarvela was severely injured when the motorcycle she was driving was struck by an automobile driven by Sharon Johnson. After recovering the combined policy limits from Johnson's insurance and her motorcycle's underinsured motorist benefits, she sought to recover underinsured motorist benefits on an automobile she owned. American Motorist denied her claim on the basis of a family exclusion contained in the policy. The supreme court ruled that the exclusion was invalid, stating:

It is well-established that first party coverages for which an insured pays a premium follow the person, not the vehicle. Policy exclusions which attempt to prevent the coverage from following the person are inconsistent with the purposes of the Minnesota No-Fault Act.

*Sarvela* at 79 (footnote omitted).

The *Sarvela* rule is premised on the fact that family exclusions derogate from the purpose of the No-Fault Act, namely, that accident victims be adequately compensated. Adequate compensation begins with allowing injured parties to collect benefits on all policies for which they have paid.[1]

■ However, a carefully carved-out exception to this general rule of invalidity has emerged, applicable when the tortfeasor attempts to convert his inexpensively purchased underinsurance into additional liability insurance. *Myers v. State Farm Mutual*, 336 N.W.2d 288 (Minn.1983); *Eisenschenk v. Miller Mutual Insurance Co.*, 353 N.W.2d 662 (Minn.Ct.App.1984); *Linder v. State Farm Mutual Automobile Co.*, 364 N.W.2d 481 (Minn.Ct.App.1985).

*Myers* held that a one-car accident victim could not recover both liability and underinsured motorist benefits under the same policy. *Myers* at 291. The policy in *Myers* contained an exclusion similar to the one here. The court ruled that the exclusion was valid:

To now collect further under the same insurer's underinsured motorist coverage would be to convert the underinsured motorist coverage into third-party insurance, treating it essentially the same as third-party liability coverage.

*Id.*

In *Eisenschenk* the insured attempted to collect underinsured motorist benefits on a non-involved automobile insured under the same policy as the involved automobile. There, too, the court held a family exclusion valid in order to prevent the insured

---

1. This court so held in *Sobania v. Integrity Mutual Insurance Co.*, 349 N.W.2d 345 (Minn.Ct. App.1984), *pet. for rev. granted* (Minn. January 15, 1985). The case is here footnoted but without precedential effect.

from converting underinsurance into liability insurance. *Eisenschenk* at 665.

*Linder* presented a slightly different fact situation because two insurance policies were involved. The question there was whether one policy's exclusionary clause regarding the availability of underinsured motorist coverage was effective against the insured who has other vehicles covered under separate policies. The court extended the Myers rationale:

> The insureds in *Myers* and *Eisenschenk* and here were similarly situated. In each case, it was within that insured's power to purchase sufficient liability coverage to adequately protect himself and his other insureds. Each sought, instead, to look to his underinsured motorist coverages when liability coverage was exhausted. However, in each case, an exclusionary clause prevented him from doing so.

*Linder* at 483.

The exception that has emerged is clearly limited to circumstances where a plaintiff is attempting to convert underinsured motorist (first-party) coverage into liability (third-party) coverage. In all three of the cases the plaintiff had first collected liability limits from the tortfeasor and then attempted to collect underinsured motorist benefits on the same or additional policies carried by the tortfeasor himself. The courts found this to be an impermissible conversion of the underinsured motorist coverage purchased by the tortfeasor into what was, in effect, additional liability limits for that tortfeasor. We cannot extend that rationale to the facts of this case.

 DeVille recovered under the tortfeasor's liability coverage and is now seeking underinsured motorist benefits from her own personal policy with underinsured motorist coverage purchased by her for her own individual protection. This is classic "first-party coverage," and it should follow her wherever she may be located when injured. She paid separate premiums for the car registered to her, and the policy was issued to her. To hold otherwise would be to carve out a new exception to the *Sarvela* rule, applicable when the tortfeasor and the victim are a married couple. This is an exception we cannot make.

Although married, DeVille is a separate person from her tortfeasor husband, owns a separate automobile, and has a separate policy. We cannot infer that the two are somehow acting as one and attempting to convert underinsured motorist coverage into liability coverage.

### DECISION

A motorcycle is a motor vehicle as contemplated by the State Farm insurance policy. A family exclusion in wife's insurance policy which denied her underinsured motorist benefits when she was injured on her husband's motorcycle is invalid.

Reversed and remanded.