1997 ND 20

**Delyle FANKHANEL and, Gay Fankhanel, Plaintiffs and Appellants,**

v.

**M & H CONSTRUCTION COMPANY, INC., Defendant and Appellee.**

**Civil No. 960223.**

Supreme Court of North Dakota.

Feb. 12, 1997.

Robert J. Schaefer (argued), and Richard D. Varriano, Moorhead, MN, for plaintiffs and appellants.

Daniel L. Hull (argued) of Anderson & Bailly, Fargo, for defendant and appellee.

NEUMANN, Justice.

[¶ 1] Delyle Fankhanel appeals the district court's judgment, challenging the court's order granting summary judgment dismissing Fankhanel's claim for tortious interference with a contract. We affirm.

[¶ 2] In 1992, Fankhanel contracted with M & H Construction Company, Inc. (M & H), to construct the basement for a home. M & H excavated the basement and poured the floor and footings for the basement walls. Fankhanel was dissatisfied with the work and refused to pay M & H, asserting the construction was defective.

[¶ 3] Fankhanel is an independent trucker who had been making deliveries for Kost, Inc., for approximately twenty years, with a written contract since 1991, renewable monthly. Kost is a local company that supplied materials for area construction projects.

[¶ 4] In March 1993, the president of M & H, Mike Montplaisir, met with a corporate officer of Kost, Don Ishaug. During the meeting, Montplaisir told Ishaug that Fankhanel refused to pay for the construction of the basement. Montplaisir further told Ishaug that if Fankhanel delivered any of Kost's products to M & H Construction's job sites, M & H might take their business elsewhere. Following their discussion, Ishaug told Fankhanel to resolve the dispute. Fankhanel, however, still refused to pay M & H for construction of the basement. Thereafter, Kost stopped using Fankhanel to deliver its construction materials.

[¶ 5] In November 1993, Fankhanel brought two actions against M & H, claiming M & H had defectively constructed the basement, and claiming it had tortiously interfered with Fankhanel's written contract with Kost for delivering construction materials. In January 1995, the district court dismissed the tortious interference claim on a motion for summary judgment. The court held M & H's actions did not constitute tortious interference with Fankhanel and Kost's contract, and that M & H was justified in imposing the subject condition on its future delivery contracts with Kost. The defective construction claim was tried and the jury returned a judgment in favor of M & H Construction minus the defects. Fankhanel appeals the district court's judgment, and on appeal challenges the district court's dismissal of the tortious interference claim.[1]

[¶ 6] "Summary judgment is a convenient procedure to expedite a lawsuit without a trial on the merits when there is no real dispute about the facts." *Delzer v. United Bank of Bismarck*, 484 N.W.2d 502, 508 (N.D.1992). A motion for summary judgment must be granted if there is no genuine issue of material fact and either party is entitled to judgment as a matter of law. *Thedin v. U.S. Fidelity & Guar. Ins. Co.*, 518 N.W.2d 703, 705 (N.D.1994); Rule 56,

---

1. We note, under Minnesota law, Fankhanel could have brought a claim for "Interference with Prospective Business Relationship," requiring Fankhanel to prove M & H Construction intentionally committed a wrongful act that improperly interfered with Fankhanel's prospective business relationship with Kost. Because he did not raise this claim, we will not address it.

N.D.R.Civ.P. "When no pertinent evidence on an essential element is presented to the trial court in resistance to the motion for summary judgment, it is presumed that no such evidence exists." *Kummer v. City of Fargo,* 516 N.W.2d 294, 297 (N.D.1994).

[¶ 7] Both parties below applied North Dakota's "significant contacts approach to deciding choice-of-law questions," and argued Minnesota has the most significant contacts in this case. *Plante v. Columbia Paints,* 494 N.W.2d 140, 141 (N.D.1992). Accordingly, the district court applied Minnesota law. The district court's application of Minnesota law was not questioned on appeal. Therefore, we apply Minnesota law to the tortious interference claim.

[¶ 8] In Minnesota, a cause of action for wrongful interference with a contractual relationship requires proof of five elements: (1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) intentional procurement of its breach or interference with the contract; (4) without justification; and (5) damages. *Kjesbo v. Ricks,* 517 N.W.2d 585, 588 (Minn.1994); *Sip–Top, Inc. v. Ekco Group, Inc.,* 86 F.3d 827, 832 (8th Cir.1996). The fourth element is at issue in this appeal. We must decide whether there is a genuine issue of material fact regarding the element of justification, which would preclude disposing of the matter by summary judgment.

[¶ 9] According to the Minnesota Supreme Court:

> " 'Justification is the most common affirmative defense to an action for interference. It is employed to denote the presence of exceptional circumstances which show that no tort was in fact committed and [a] lawful excuse [existed] which excludes actual or legal malice.' "

*Aslakson v. Home Sav. Ass'n,* 416 N.W.2d 786, 790 (Minn.App.1987) (quoting *Johnson v. Radde,* 293 Minn. 409, 196 N.W.2d 478, 480 (1972)).

[¶ 10] Ordinarily, justification is an issue of fact. *Kjesbo,* 517 N.W.2d at 588 (citing *Bennett v. Storz Broadcasting Co.,* 270 Minn. 525, 134 N.W.2d 892, 900 (1965)). The test for proving justification is what is reasonable conduct under all the circumstances of the case. *Id.* However, a justification issue can be decided as a matter of law, by showing the "defendant was justified by a lawful object which he had a right to assert." *Bennett,* 134 N.W.2d at 897.

[¶ 11] In *Glass Service Co. v. State Farm Ins. Co.,* 530 N.W.2d 867, 872 (Minn.App. 1995), the Minnesota Court of Appeals dismissed a tortious interference with prospective business relations claim because State Farm was justified, as a matter of law, in advising its insured about a policy limitation, and there was no evidence of coercion or inducement. In *Furlev Sales v. North American Automotive,* 325 N.W.2d 20, 25–26 (Minn.1982), the Minnesota Supreme Court dismissed an interference claim on summary judgment holding, even if there was evidence to support a finding of intentional interference with the contract, the evidence clearly showed it was with justification because the defendant had legitimate business concerns and did not maliciously seek to damage the plaintiff. *See also Aslakson,* 416 N.W.2d at 790 (noting summary judgment on a tortious interference claim would have been appropriate, as a matter of law, because respondents were justified in imposing realistic conditions on an assignment).

[¶ 12] Here, M & H did not demand that Kost fire Fankhanel. M & H merely told Kost that because of Fankhanel's unpaid debt, M & H did not want Fankhanel's trucks making deliveries to M & H Construction's job sites. In a deposition, Mike Montplaisir explained his rationale for imposing this condition:

> "I told Don [Ishaug] that I didn't feel that I should have to pay wages of somebody, trucking time, for somebody to deliver sand to my job site if he wasn't going to pay us for the work that we had done for him."

[¶ 13] In essence, M & H did not want to do any more business with Fankhanel, directly or indirectly, because Fankhanel had not paid his debt. There is no evidence suggesting M & H had an unlawful or malicious purpose, or any other purpose than merely trying to avoid doing business with Fankhanel. Because M & H had a legitimate business reason to exclude Fankhanel from delivering Kost products to its job sites, we

believe M & H was justified in requesting that Kost use different trucks for its deliveries. *See Christner v. Anderson, Nietzke & Co., P.C.*, 156 Mich.App. 330, 401 N.W.2d 641, 650 (1986) (holding defendants were not liable for tortiously interfering with plaintiff's rights under the deferred compensation agreement and the buy-sell agreement because the defendants had a legitimate business reason for their actions); *see also Prysak v. R.L. Polk Co.*, 193 Mich.App. 1, 483 N.W.2d 629, 635–6 (1992) (dismissing the issue on summary judgment because there was no genuine issue of material fact that the action was wrongful conduct per se or was lawful conduct done with malice and therefore unjustified); *Liberty Heating & Cooling, Inc. v. Builders Square, Inc.*, 788 F.Supp. 1438, 1448–49 (E.D.Mich.1992) (granting summary judgment because plaintiff failed to present affirmative evidence that the interference was an improper act or based on an improper motive).

[¶ 14] We, therefore, affirm the district court's order granting summary judgment on the claim for tortious interference with the contract.

[¶ 15] VANDE WALLE, C.J., and MARING, MESCHKE, SANDSTROM, JJ., concur.

