## State Farm Mutual Automobile Insurance Co. v. Eppihimer

C.P. of Berks County, no. 2106-95, AD..

*Kenneth Goodman,* for plaintiff.
*Sarah P. Katowitz,* for defendant.

SCHAEFFER, *P.J.,* June 17, 1997—This is an action for a declaratory judgment.

On April 14, 1997, the case was tried before this court without a jury.

Having heard the testimony and reviewed the evidence, we make the following findings of fact:

## FINDINGS OF FACT

(1) This action arises out of a single vehicle accident which occurred on November 20, 1994.

(2) At all times material to this proceeding, Glenn Eppihimer and Angelina Eppihimer jointly owned a Pontiac Sunbird automobile.

(3) At all times material to this proceeding, Glenn Eppihimer and Angelina Eppihimer jointly owned a 1983 Toyota Tercel.

(4) At all times material to this proceeding, Glenn Eppihimer was the sole owner of a 1980 Ford pickup truck.

(5) At all times material to these proceedings, the said Sunbird, Toyota and Ford truck were each registered in Pennsylvania and principally garaged in Pennsylvania.

(6) At all times material to these proceedings, Glenn Eppihimer and Angelina Eppihimer were husband and wife.

(7) On November 20, 1994, Glenn Eppihimer, driving the Sunbird, struck Angelina Eppihimer as she walked on or near the driveway of their home, seriously injuring her.

(8) At the time of the accident, State Farm had two policies of insurance in effect involving the Eppihimers, as follows:

(a) A motor vehicle policy issued to Angelina and Glenn Eppihimer, policy number 829-4101-A20-38A, covering a 1979 Pontiac Sunbird and a 1983 Toyota Tercel, which insured Angelina Eppihimer and Glenn Eppihimer as named insureds, with a $50,000 liability limit.

(b) A motor vehicle policy issued to Glenn Eppihimer, policy number T02-4803-D29-38, covering a 1980 Ford F150 pickup truck, which insured Glenn Eppihimer as the named insured.

(9) The Pontiac Sunbird, covered by policy number 829-4101-A20-38A, was the same Pontiac Sunbird which Glenn Eppihimer was driving at the time of the accident.

(10) Neither the Sunbird-Toyota policy nor the Ford policy were delivered to Angelina Eppihimer or Glenn Eppihimer on, or prior to, November 20, 1994.

(11) The provisions set forth in State Farm specimen policy 9838.6 are identical to the provisions set forth in the Sunbird-Toyota policy.

(12) The provisions set forth in State Farm specimen policy 9938.5 are identical to the provisions set forth in the Ford policy.

(13) Following the accident, Angelina Eppihimer recovered liability benefits in the amount of $50,000 under the motor vehicle insurance policy issued by the plaintiff, State Farm, covering the Sunbird.

(14) The Sunbird-Toyota policy and the Ford policy each contained the following provision:

"An underinsured motor vehicle does not include a land motor vehicle. . . .

"insured under the liability coverage of this policy. . . .

"furnished for the regular and frequent use of you, your spouse or any relative."

(15) Angelina Eppihimer did not drive the Ford pickup truck.

(16) Glenn Eppihimer was the principal driver of the Ford pickup truck.

(17) Angelina Eppihimer was the principal driver of the Toyota Tercel.

(18) The son of Glenn Eppihimer and Angelina Eppihimer was the principal driver of the Sunbird.

(19) Glenn Eppihimer took care of obtaining motor vehicle insurance on the Sunbird, the Toyota Tercel and the Ford pickup.

(20) The State Farm insurance policy covering the Sunbird and the Toyota Tercel was never delivered to Angelina Eppihimer nor to Glenn Eppihimer.

(21) The State Farm insurance policy covering the Ford pickup was never delivered to Glenn Eppihimer nor Angelina Eppihimer.

(22) At all times material to these proceedings, no one ever explained the "family car exclusion" provision of the Ford policy and/or the Sunbird-Toyota policy to Glenn Eppihimer and/or Angelina Eppihimer.

(23) At all times material to these proceedings, no one ever explained the liability insurance provisions of the Sunbird-Toyota policy and/or of the Ford policy to Angelina Eppihimer nor did anyone explain to her the effect of having limited liability coverage on the Sunbird and/or the Ford.

(24) Glenn Eppihimer, prior to November 20, 1994, signed his name to a certificate of insurance which stated the amount of coverage on the Sunbird.

(25) At all times material to these proceedings, Angelina Eppihimer did not know the provisions of the Sunbird-Toyota policy, including its liability limitations.

(26) At all times material to these proceedings, Angelina Eppihimer did not know the provisions of the Ford policy.

(27) Angelina Eppihimer never elected to limit the liability coverage of the Sunbird-Toyota policy to $50,000.

(28) Glenn Eppihimer acted on his own when he applied for, and obtained, the Sunbird-Toyota policy and the Ford policy.

(29) Glenn Eppihimer did not consult with, or advise, Angelina Eppihimer about the Sunbird-Toyota policy or the Ford policy, the coverage provided by either or the limits of coverage.

(30) At all times material to these proceedings, the Sunbird, the Toyota and the Ford pickup truck were each insured for the same type of coverage and in the same amount for each type of coverage.

(31) Glenn Eppihimer paid the premiums due on the Sunbird-Toyota policy and on the Ford policy.

(32) Neither Glenn Eppihimer nor Angelina Eppihimer rejected uninsured/underinsured benefits under the Ford policy, or limited such benefits in any way.

## DISCUSSION

This case involves the validity and enforceability of a family exclusion clause in a State Farm Insurance Company motor vehicle insurance policy, insuring a Ford pickup truck owned solely by the defendant, Glenn Eppihimer.

The policy provided uninsured/underinsured insurance coverage for persons insured under it. However, it attempted to limit the uninsured/underinsured benefits by including a family exclusion clause, which read as follows: "an underinsured motor vehicle does not include a land motor vehicle:

"(2) Furnished for the regular use of you, your spouse or any relative."

In the situation presented by the case at bar, Glenn Eppihimer and his wife, Angelina Eppihimer, owned jointly a Pontiac Sunbird and a Toyota Tercel. These two motor vehicles were insured under one State Farm motor vehicle insurance policy in which Glenn Eppihimer and Angelina Eppihimer were named insureds.

The Sunbird-Toyota policy provided liability coverage in the amount of $50,000 for any one accident and also provided underinsured coverage.

On November 20, 1994, while these policies were in force, Glenn Eppihimer was driving the Sunbird and negligently struck his wife, Angelina Eppihimer, while she was a pedestrian walking along the driveway at their home. Angelina was seriously injured. She made a claim against the plaintiff, State Farm Mutual Automobile Insurance Company, under the Sunbird-Toyota policy and State Farm paid her the policy limits under the liability provisions of the policy, *i.e.,* the amount of $50,000.

The Sunbird-Toyota policy provided that an insured could not seek uninsured/underinsured benefits if the insured had recovered under its liability provisions. No one disputes the validity of this provision and we accept this provision as valid. Therefore, Angelina Eppihimer has not, and could not, make a claim for underinsured benefits under the Sunbird-Toyota policy.

She has, however, made a claim for underinsured benefits under the separate Ford policy, arguing that she is an insured under the policy and that the family exclusion is void as contrary to the public policy of Pennsylvania.

State Farm contests her claim and has filed this action for a declaratory judgment, to determine whether it has any obligation to her under the underinsured provisions of the Ford policy.

We find that the Ford pickup truck was an insured vehicle for uninsured/underinsured purposes under the Ford policy, and that Angelina Eppihimer was an insured for those purposes. We find that the family exclusion provision of the Ford policy is void as against public policy and that Angelina Eppihimer has a valid claim against State Farm under the Ford policy.

The Superior Court of Pennsylvania in the case of *Marroquin v. Mutual Benefit Insurance Company*, 404 Pa. Super. 444, 591 A.2d 290 (1991), held that a family exclusion under the uninsured/underinsured provisions of a motor vehicle insurance policy was invalid because the legislature had required that the insurer offer, and the insured accept, uninsured/underinsured coverage. Since coverage was mandatory, the company could not exclude out a part of that coverage. The courts, as they developed the law in this area, fashioned one exception to this holding. If the evidence showed that the insured had deliberately purchased low liability coverage under one policy in the expectation that much cheaper uninsured/underinsured coverage under another policy would protect him if his liability coverage were inadequate, then the family exclusion clause was valid and the insured could not recover under the uninsured/underinsured provisions of the policy. *Paylor v. The Hartford Insurance Company*, 536 Pa. 583, 640 A.2d 1234 (1994).

Since *Paylor*, the legislature has rewritten the Motor Vehicle Financial Responsibility Law. Now the insurance company must offer, but the insured may reject, uninsured/underinsured coverage. However, we do not find this changes the public policy. Every insurance company still *must* offer uninsured/underinsured coverage. The situation is the same as before the MVFRL was rewritten. The insurer cannot restrict coverage

which it must offer and, therefore, the family exclusion clause remains invalid, with the same exception.

We find in the case at bar that Angelina Eppihimer did not know what the liability coverage under the Sunbird-Toyota policy was, nor did she know the provisions of the Ford policy. We find she never received a copy of either policy and that the State Farm agent never explained the provisions of either policy to her. If State Farm's selling agent had gone over the policy with both Eppihimers and explained the effects of limited liability coverage to them both, or at least had delivered the Eppihimers' policy to them, Angelina Eppihimer would have known, or at least would have been in a position where she should have known, what the coverages under the Sunbird-Toyota policy and the Ford policy were. Because State Farm's agent failed in his duty to do either of these things, State Farm cannot hold Angelina Eppihimer for knowledge which she did not have, through no fault of her own. We cannot find that she chose low liability coverage under the Sunbird-Toyota policy in the expectation that she would be covered by the cheaper uninsured/underinsured provisions of the Ford policy, since State Farm, through its agent, prevented her from having the knowledge necessary to make that decision. She did not know what the liability coverage under the Sunbird-Toyota policy was, or what the uninsured/underinsured provisions of the Ford policy were.

Furthermore, we do not impute her husband's knowledge, such as it was, to her. As the Minnesota Court of Appeals said in *DeVille v. State Farm Mutual Automobile Insurance Company,* 367 N.W.2d 574 (1985):

"Although married, DeVille (the plaintiff) is a separate person from her tort-feasor husband . . . . We cannot infer that the two are somehow acting as one

and attempting to convert underinsured motorist coverage into liability coverage."

## CONCLUSIONS OF LAW

(1) Angelina Eppihimer was an insured under the Ford policy.

(2) The Ford policy provided for underinsured motorist benefits.

(3) The family exclusion clause of the Ford policy is void as against public policy.

(4) Angelina Eppihimer is entitled to underinsured motorists benefits under the Ford policy.

(5) The Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et seq., is applicable to this case and the parties are bound by its provisions.

(6) The Pa. MVFRL required State Farm to provide uninsured/underinsured motorist coverage to Angelina Eppihimer. Section 1731(a) of the Pa. MVFRL.[1]

(7) The Sunbird was an underinsured motor vehicle under section 1731 of the Pa. MVFRL.

(8) Angelina Eppihimer is entitled to recover damages from State Farm under the Ford policy within the limits of the underinsured coverage provisions thereof, to the extent that she can prove liability and damage.

Accordingly, we enter the following decree nisi:

---

1. Section 1731(a) reads:

"No motor vehicle insurance policy shall be delivered or issued by delivery in this Commonwealth with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are offered therein or supplemental thereto . . . . Effective September 28, 1990."

346

And now, to wit, June 17, 1997, the court adjudicates and decrees that the plaintiff, State Farm Mutual Automobile Insurance Company, shall proceed under the provisions of the Ford policy of which specimen copy 9838.5, admitted into evidence in these proceedings, is a duplicate in all material respects, to arbitrate Angelina Eppihimer's claim as a claimant under the underinsured provisions of that policy with the family exclusion provisions thereof stricken as unenforceable.

This decree shall become absolute, as of course, unless exceptions are filed thereto on or before June 27, 1997.

