Lauriel JOHNSON, Appellant,

v.

**ST. PAUL GUARDIAN INSURANCE COMPANY, Respondent.**

No. C5–00–2086.

Court of Appeals of Minnesota.

June 12, 2001.

Logan N. Foreman, III; and Keith D. Johnson, Wold, Jacobs & Johnson, P.A., Minneapolis, for Johnson.

William L. Davidson, Timothy J. O'Connor, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, for St. Paul Guardian.

Considered and decided by RANDALL, Presiding Judge, PETERSON, Judge, and FOLEY, Judge.

**OPINION**

FOLEY, Judge.*

This is an appeal from a summary judgment in which the district court ruled that respondent's policy, under which appellant and her husband were named insureds, excluded UIM coverage for appellant's damages because appellant was injured while a passenger on her husband's motorcycle, which he owned and insured separately. We affirm.

## FACTS

Appellant Lauriel Johnson's husband owned a motorcycle and insured it under a policy from Guidant Specialty Mutual Insurance Company, with liability limits of $30,000. Appellant and her husband jointly owned another vehicle, and were both named insureds under a policy from respondent St. Paul Guardian Insurance Company. In 1995, while a passenger on her husband's motorcycle, appellant was injured in an accident and sued both her husband and the owner and operator of the other vehicle involved. She then settled with her husband in the amount of $27,500 under the Guidant policy on his motorcycle, and went to trial on her claim against the owner and operator of the other vehicle. A jury found Johnson's husband 80% at fault and the driver of the other vehicle 20% at fault. The owner and operator of the other vehicle satisfied its portion of the judgment, leaving appellant with uncompensated damages.

Appellant then filed a claim for UIM benefits from the policy issued by respondent. Respondent determined appellant's claim was excluded from coverage, and she sued. The district court granted summary judgment in favor of the insurer, and this appeal followed.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## ISSUE

When a husband and wife are named insureds on a policy insuring their motor vehicle, may that policy exclude the wife from UIM benefits for uncompensated damages that resulted from an accident while she was a passenger on her husband's motorcycle, which he owned and insured separately?

## ANALYSIS

Summary judgment shall be awarded when "there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. Where, as here, the facts are not in dispute, the district court may consider the issue of the policy exclusion as a matter of law. *Perfetti v. Fidelity & Cas. Co.*, 486 N.W.2d 440, 441–42 (Minn.App.1992). This court need not defer to the district court's determinations of law. *Id.*

Every owner of a motor vehicle in Minnesota must obtain UIM coverage. Minn.Stat. § 65B.49, subd. 3a(2) (1994). It is excess coverage that is available when the tortfeasor carries inadequate liability insurance. *Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 422 (Minn. 1988). Generally, "[u]nderinsured motorist coverage is first-party coverage," following the person, not the vehicle. *Myers v. State Farm Mut. Auto. Ins. Co.*, 336 N.W.2d 288, 291 (Minn.1983). A common exclusion to UIM coverage applies to a vehicle owned or made available for the regular use of the insured. *Id.* at 292. Otherwise, the insured's UIM coverage would in effect be converted to third-party liability coverage, and UIM coverage is not designed to compensate for an insured's

Minn. Const. art. VI, § 10.

"failure to purchase sufficient liability insurance." *Id.* at 291.

This exclusion applies to the situation in which a family member, who was injured by a family-owned motor vehicle, collected under that vehicle's liability coverage, and then sought UIM coverage under a separate policy covering non-involved vehicles also owned by the family member. *Linder by Linder v. State Farm Mut. Auto. Ins. Co.*, 364 N.W.2d 481, 482–83 (Minn.App. 1985), *review denied* (Minn. May 1, 1985). This court held that the exclusion was valid because in both *Myers* and *Linder*,

> it was within that insured's power to purchase sufficient liability coverage to adequately protect himself and his other insureds. Each sought, instead, to look to his underinsured motorist coverages when liability coverage was exhausted. However, in each case, an exclusionary clause prevented him from doing so.

*Id.* at 483; *see Wintz v. Colonial Ins. Co.*, 542 N.W.2d 625, 626–27 (Minn.1996) (holding that wife who was injured while passenger on husband's motorcycle may not recover uninsured motorist benefits under husband's automobile insurance coverage based on family automobile exclusion).

In contrast, the exclusion has been deemed invalid when the injured party sought UIM coverage on a separate policy as to which the tortfeasor was not a named or additional insured. *DeVille v. State Farm Mut. Auto. Ins. Co.*, 367 N.W.2d 574, 577 (Minn.App.1985), *review denied* (Minn. July 26, 1985). There, a wife who was a passenger on her husband's motorcycle was injured due to his negligence, and she recovered the maximum available

from his liability carrier. *Id.* at 575. She then sought UIM benefits under her own policy that she purchased for her own automobile, but her insurer denied the claim based on the family exclusion. *Id.* This court distinguished *Myers* because there, the injured party attempted to collect UIM coverage on the same or additional policies carried by the tortfeasor. *Id.* at 577. In *DeVille*, the injured wife's own insurance policy provided the UIM coverage, and, as first-party coverage, followed her to provide coverage wherever she was injured. *Id.; see Northrup v. State Farm Mut. Auto. Ins. Co.*, 601 N.W.2d 900, 903 (Minn. App.1999) (same), *review denied* (Minn. Jan. 25, 2000).

■ This court is again presented with the issue of the family automobile exclusion.[1] Here, the injured wife seeks to recover UIM benefits from a separate policy covering both the wife and the tortfeasor husband on another vehicle. Appellant wife contends that under *DeVille*, her UIM coverage on the separate policy issued by respondent is first-party coverage that follows her wherever the injury occurs. This would fulfill the purpose of the no-fault act, namely, to insure that accident victims are properly compensated. *DeVille*, 367 N.W.2d at 576. She contends that here, as in *Northrup*, there was no evidence she had an ownership interest in her husband's motorcycle or was involved in the decision as to the amount of liability insurance to obtain. Instead, she was the named insured on a separate policy, issued by a different insurer, insuring her motor vehicle. Consequently, she contends that she

---

1. Respondent, who mistakenly submitted the incorrect policy to the district court, made a motion to this court to substitute the correct policy pursuant to Minn. R. Civ.App. P. 110.05, although respondent asserts that the specific language of the policy does not control the outcome. Appellant did not file a response to the motion. Because the documentary evidence is uncontroverted and supports the district court's decision, the motion is granted. *See In re Objections & Defenses to Real Property Taxes for 1980 Assessment; Village Apartments v. State*, 335 N.W.2d 717, 718 n. 3 (Minn.1983) (citations omitted).

was entitled to receive the benefit of the bargain, namely UIM coverage she paid for.

Respondent argues, however, that to ignore the family automobile exclusion in this case would convert the UIM coverage to third-party coverage. We agree. The purpose of UIM benefits is to protect the insured from those who carry inadequate liability coverage. *Johnson*, 426 N.W.2d at 422. Here, the tortfeasor, appellant's husband, had liability insurance on his motorcycle that was inadequate to cover appellant's injuries. This cannot be rectified by allowing the separate policy providing UIM coverage for appellant *and the tortfeasor* on their other motor vehicle to be converted to third-party coverage to cover his inadequate liability coverage.

## DECISION

The district court decision upholding the applicability of the family automobile exclusion is affirmed.

**Affirmed; motion granted.**